JULIA SIMMONS, EXECUTRIX, *vs.* ALICE L. SIMMONS
ET ALS.

Third Judicial District, New Haven, June Term, 1923.
WHEELER, C. J., BEACH, CURTIS, BURPEE and KEELER, Js.

Where the phraseology of a will does not lend itself to clear interpretation of a testator's intent, owing to an unusual and apparently unintentional grouping of its component words, words and punctuation·points may be transposed and even dropped or supplied to manifest the testator's intent, if the result will be a clear and sensible statement not out of accord with other provisions of the in· strument.

A testator gave and devised a certain house and land to his wife, "during her natural life all cash in banks or other securities," and certain life insurance policies. Later on he made provision for the disposal of this realty at the death of his wife, but did not make like provision as to the personalty. *Held* that the wife took a life estate in the realty and an absolute estate in the personalty.

The testator gave other realty to three named sons, equally, share and share alike, directing that it should not be sold until the last named son became of age, and then continued that it should not then be sold if any son desired to use it for a place of business, in which event the son should pay a just amount for rent to be equally divided "between them or their legal issue." *Held* that the provision for division of the property among the sons with the restraint until the named son became twenty-one, created a valid and enforceable gift, but that the remainder of the paragraph was void for uncertainty.

The testator gave a lot to his wife "outright" the same to be sold, rented or leased, and the proceeds applied to the reduction of mortgages and expenses upon the premises of which he had previously given her the life use. *Held* that the proceeds must be applied to the payment of carrying expenses upon the house and lot as stated, including mortgage interest, taxes, insurance, maintenance and repairs, and that any part unused for such purpose would belong to the wife absolutely.

Another house and lot was given to the testator's two daughters under named conditions, and with the direction that the amount received from a life insurance policy on the testator's life in favor of the daughters should be used toward the reduction of any mortgage or expenses that might be against the property. *Held* that this constituted a gift, subject to the condition subsequent that the testator's general estate be exonerated from claims concerning the particular property, and required the daughters to pay into the estate so much of the value of the policy as was necessary to pay such claims.

Submitted on briefs June 15th—decided July 27th, 1923.

Suit to determine the validity and construction of the will of William Simmons of Bridgeport, deceased, brought to and reserved by the Superior Court in Fairfield County, *Maltbie, J.*, upon an agreed statement of facts, for the advice of this court.

The testator, William Simmons, died at Bridgeport, April 20th, 1922, leaving a last will and testament. His will was proved and the plaintiff qualified as ex-

ecutrix thereof, and is now acting as such. The testator left him surviving, his wife, the plaintiff, to whom he was married subsequent to April 20th, 1877, and before January 1st, 1921, and children the issue of the marriage, as follows: Alice L. Simmons, Julia S. Simmons, Malcome L. Simmons, Samuel W. Simmons, Anderson B. Simmons and William D. Simmons, none of whom have ever married or had children, and all excepting William D. Simmons are minors. The testator left a considerable estate, real and personal, and both real and personal estate after settlement will remain in the hands of the executrix for distribution in accordance with the provisions of the will.

The part of the will material to the present case is as follows:—

"First. I direct that all my just debts and funeral expenses be paid by my executrix hereinafter named as soon after my decease as possible.

"Second. I give and devise the house at 679 Lindley St., together with the land appurtenant thereto, to my wife Julia Simmons, during her natural life all cash in Banks or other securities, amounts from all Life Insurance carried by me, except a Policy for Five-Hundred dollars, which is made out to my daughters Julia and Alice Simmons.

"Third. I give and bequeath the house and lot at 509 Lindley Street to my sons Malcome Simmons, Samuel Simmons, and Anderson Simmons, equally, share and share alike. This property is not to be disposed of until my son Anderson Simmons becomes twenty-one years of age, and then only if neither one here mentioned does not wish to carry on any business, should any one of my sons desire to use this property for business he shall be allowed to do so, for which he shall pay a just amount for rent, which shall be divided equally, between them or their legal issues.

"Fourth. I give the lot south of the house and lot at 509 Lindley Street to my wife Julia Simmons outright the same to be sold rented or leased, and the proceeds derived therefrom to be applied to the reduction of mortgages and expenses which may be against the property at 679 Lindley Street.

"Fifth. I give and bequeath the house and lot located at 58 and 60 Hill Street to my daughters Julia Simmons, and Alice Simmons, share and share alike, to be held in trust for them by the executrix hereinafter named until they both become twenty-one years of age, up to that time the proceeds derived from the rental of this property shall be used for their expenses, and education. In the event of the death of either Julia, or Alice, and there being no legal issue the survivor shall become the sole owner of the property.

"Sixth. The Five-Hundred dollars life insurance policy, made out to my daughters Julia Simmons and Alice Simmons, the amount received therefrom shall be used towards the reduction of any mortgage or expenses that may be against the property at 58 and 60 Hill Street.

"Seventh. At the time of my devise [sic] should I be in business of any kind I give and bequeath that business to my son Malcome Simmons, outright.

"Eighth. I give to my son William D. Simmons Five dollars ($5) and he shall not be allowed to make any other claim whatsoever for any other amount, or any part of my estate.

"Ninth. At the death of my wife Julia Simmons, the house and lot 679 Lindley Street shall be sold the proceeds derived therefrom divided equally between my daughters Julia, and Alice Simmoms, and my three sons Malcome, Samuel, and Anderson Simmons.

"Tenth. I give, devise and bequeath all the rest

residue and remainder of my estate, real and personal, of every kind whatsoever and wheresoever situated, to my wife Julia Simmons, absolutely and in fee simple."

The advice of the court is sought by the following questions:—

"1. Whether under paragraph 'Second' of said will, the plaintiff derives the ownership in fee simple of the property at # 679 Lindley Street aforesaid, or is entitled only to the beneficial use thereof for the term of her life.

"2. Whether under said paragraph 'Second' of said will, the aforesaid children of the said testator had vested in them remainder interests jointly in said property at # 679 Lindley Street.

"3. Whether under paragraph 'Third' of said will, said Malcome L. Simmons, Samuel W. Simmons and Anderson B. Simmons had devised to them jointly the title in fee simple to the aforesaid property at # 509 Lindley Street, and if not what, if any interest passed to them by said paragraph.

"4. Whether any legal effect can be given to any part of paragraph 'Third' and if so, what part of said paragraph is or is not void, and is or is not legally operative.

"5. Whether the plaintiff, Julia Simmons, had devised to her in fee simple a lot of land situated south of the property known as # 509 Lindley Street, aforesaid, pursuant to paragraph 'Fourth' of said will, or whether she received thereunder merely such portion of the proceeds of the sale of said property as should remain after the application of said proceeds in reduction of incumbrances and the property at # 679 Lindley Street; and whether paragraph 'Fourth' is or is not void.

"6. Whether under paragraph 'Sixth' the proceeds of said policy of life insurance is part of the estate of said deceased, William Simmons, to be applied to the

payment of incumbrances upon the property described in said paragraph.

"7. Whether, under paragraph 'Ninth' of said will, construed in connection with paragraph 'Second' and the other provisions of said will, the aforesaid Julia Simmons, Alice L. Simmons, Malcome L. Simmons, Samuel W. Simmons and Anderson B. Simmons had vested in them jointly remainder interests in said property at # 679 Lindley Street."

*John Smith,* for the plaintiff, as executrix and individually.

*Louis K. Gould* and *Robert H. Gould,* for Malcome L. Simmons *et al.,* defendants.

*Louis K. Gould* and *Robert H. Gould,* for William D. Simmons, defendant.

KEELER, J. A careful reading of the will leaves little doubt as to the testator's intent. In the second article of the will, if force is given to all of its expressions, there appears an equivocation and patent ambiguity, and it becomes questionable whether an estate in fee is given in the real property therein devised and a life estate in the personalty described, or whether an estate for life only is given in realty and an absolute estate in full and complete ownership in the personalty; and perhaps whether, by either of the bequests, the wife takes more than a life interest. But by the provision of the ninth article it is made entirely clear that the wife takes only a life estate in the house and lot numbered 679 Lindley Street, in that there is a direction to sell the same at her death and to divide the proceeds equally between three daughters and two sons of the testator. With the intent of the testator with regard to this piece of realty satisfactorily determined,

we can, by the application of certain minor rules of construction, determine the complete intent manifested by the testator in the second article.

It has been uniformly held that where phraseology of a bequest does not lend itself to clear interpretation of a testator's intent, owing to an unusual grouping of its component words and a grouping which can hardly be held to be intentional on his part, certain words appearing in the writing may be transposed, or if that is absolutely necessary to clarify the provision, one or more words may be dropped or words substituted or supplied. Points of punctuation may be supplied, shifted or elided, if the result would be a clear and sensible statement, not out of accord with other provisions of the instrument and the testator's intent thereby manifested. *Phelps* v. *Bates*, 54 Conn. 11, 16, 5 Atl. 301; *Woodruff* v. *Marsh*, 63 Conn. 125, 133, 26 Atl. 846; *Healy* v. *Healy*, 70 Conn. 467, 471, 39 Atl. 793; *Jackson* v. *Alsop*, 67 Conn. 249, 254, 34 Atl. 1106; *Angus* v. *Noble*, 73 Conn. 56, 62, 46 Atl. 278; *Mallory* v. *Mallory*, 72 Conn. 494, 501, 45 Atl. 164; *Cody* v. *Staples*, 80 Conn. 82, 85, 67 Atl. 1; *Plaut* v. *Plaut*, 80 Conn. 673, 679, 70 Atl. 52; *Wolfe* v. *Hatheway*, 81 Conn. 181, 185, 70 Atl. 645; Gardner on Wills (2d Ed.) 332, 333, 334; 1 Jarman on Wills (6th Ed. Bigelow) Chap. 16.

The will is in most respects inartificial, and was probably drawn by the testator himself or some other layman at his request. Some of its provisions are, however, expressed in terms of professional draftsmanship, doubtless derived, as is often the case, from other wills which have come under the observation of the writer. Now it is a very probable supposition that the testator, in expressing his testamentary wishes, had written, or caused to be written, the words of the second article down to and including the comma coming immediately after the name of his wife, and then

as it occurred to him that the words.of the devise so
written would convey a fee simple, added the words
"during her natural life," and then neglected to strike
out the comma and to place it instead after the word
"life," where it should be if he intended only to give
her a life estate.   When this correction is made, the ar-
ticle would read: "I give and devise . . . to my wife
Julia Simmons during her natural life, all cash in banks"
etc., to the end of the article as it stands.   This gives
value to the words "during her natural life," and
also secures to the wife an absolute interest in the
personalty included in the description in the article,
a result evidently intended, since he gave a life estate
in the realty with remainder to certain of his children,
but makes no provision over of an executory interest
of like character in the personalty; and in the residuary
clause he gave all the remainder of this property to
his wife.   It is not to be supposed that he intended to
leave any of his estate intestate.   Such a construction
should not be made except where clearly required.   A
construction which disposes of all of a testator's estate
is always to be preferred, where it can be possibly gath-
ered from the wording of the will as a whole.   This
rule is elementary and no citation of authority need
be made in its support.

In the third article of the will the testator gives to
three of his sons therein named, the house and lot at
509 Lindley Street, equally, share and share alike, and
provides that the same shall not be sold until his son
Anderson becomes of age; and then goes on to make the
provision as to the property not then being sold if either
of his sons desires to use it for a place of business, in
which event the son shall pay a just amount for rent,
which rent is to be divided equally among them "or
their legal issues."   The article is given verbatim in
the statement of facts, and it is clear that so much of

it as follows the words "twenty one years of age," is so vague and uncertain that its provisions cannot be effectuated. No method of carrying out these provisions is indicated so that they can be enforced in any manner known to the law. We cannot say what would happen if more than one son wanted to occupy the place for business purposes, or how a just rent is to be fixed. The provision, in so far as it gives the property in fee and in common, coupled with restraint on alienation till one of the sons becomes of age, is clear and valid. The rest of the article must be declared void for uncertainty.

The fourth article gives the lot on the south to his wife "outright," that is, in fee, subject however to a direction to sell or rent the place and apply the proceeds in the reduction of mortgages and expenses against the property 679 Lindley Street above mentioned. The estate vests in the wife subject to the burden of a condition as before stated. The evident intent of the testator is that such property holdings as should at his death remain in his estate, shall be consolidated by using the property so that the sale of one tract shall reduce the incumbrances on another. The word "expenses" used in this article has no definite legal signification, and depends on the context for its definition and application. As connected with a dwelling-house, it would undoubtedly mean carrying expenses, that is, mortgage interest, taxes, insurance, maintenance and repairs, and perhaps other minor items of the same sort. We have no doubt but that the testator used the word in this sense, and, so explained, it marks a valid and intelligent provision. The gift at the outset is in fee, and if anything should remain after the application of the proceeds of sale or rental over and above the amount necessary to satisfy the condition annexed to the devise, the rest would belong to the widow, Julia Simmons.

The fifth article of the will gives the property located at 58 and 60 Hill Street to his two daughters to be held in trust for them until both shall become twenty-one years of age, while the rental accruing up to the time of that event shall be equally divided between them. In the event of the death of either one of them without issue the survivor is to take the whole of the property. Coupled with the devise just referred to, is the provision of article six, whereby the testator requires the two daughters to apply the proceeds of an insurance policy on his life, payable to them, in reduction of any mortgage or expenses against the property given them in article fifth. This is an example of the familiar practice of giving a legacy to a person subject to the payment by him of a certain amount from his own resources, and is valid. The purpose is to relieve the general estate of the testator from the payment of any debt secured by mortgage upon this property, in other words, to prevent his general direction to pay debts contained in the first paragraph from so operating as to require the general estate to exonerate the property given the two daughters from any mortgage incumbering it, to the extent of the value of the insurance policy. The condition is subsequent, *Sands* v. *Lyon,* 18 Conn. 18, and requires payment by the daughters of the value of the insurance policy into the estate, or of so much thereof as may be necessary to pay off any mortgages or expenses existing against the property, in order to avoid forfeiture. If there is any overplus, of course the daughters retain it, since it is their own money they are using to the extent required.

Under article ninth there can be no doubt but that the five children of testator therein mentioned take a remainder in fee in 679 Lindley Street after the death of their mother.

No question is propounded as to the disposition of

the personalty bequeathed to the widow in the second article, quite probably because the provisions of the will make that matter free from doubt. We have been obliged, however, to give it attention in the complete construction of the article.

None of the estate of the testator is intestate.

To the first question propounded, we answer that the widow takes an estate for life. To the second, that the children mentioned in paragraph nine take a vested remainder in common. To the third, that the persons therein named take an estate in fee simple in common, subject to the restraint on alienation until Anderson Simmons attains his majority. To the fourth, that to the extent indicated in the last answer the third article is valid; its further provisions are void for uncertainty. To the fifth, that the property devised to Julia Simmons is in fee, subject to a condition that she sell or rent same and devote the proceeds to the reduction of mortgages and charges against the property No. 679 Lindley Street. If any part of the proceeds remain after satisfaction of the condition, it enures absolutely to the widow. The article is valid. To the sixth, that the proceeds of said policy, to the extent required to satisfy the condition expressed in article sixth, are payable to the estate of the deceased. Any overplus is the property of the two daughters. To the seventh, that under paragraph nine the children named therein take a vested remainder in common, to be enjoyed after the death of their mother.

The Superior Court is advised to render judgment as to the several questions propounded in accordance with the foregoing answers to the questions submitted.

No costs in this court to be taxed in favor of any party.

In this opinion the other judges concurred.