ANNE MARZAHL *v.* THE COLONIAL BANK AND TRUST COMPANY, EXECUTOR (ESTATE OF MARGARET V. MARZAHL)

HOUSE, C. J., LOISELLE, BOGDANSKI, BARBER and MACDONALD, Js.

Argued November 7, 1975—decision released January 6, 1976

*Fred B. Rosnick,* for the appellant (plaintiff).

*John F. Phelan,* with whom was *James R. Healey,* for the appellee (defendant).

BOGDANSKI, J.   This appeal arises from an action brought by the plaintiff against the defendant bank as executor of the estate of the plaintiff's deceased mother.   The plaintiff sought damages alleged to have resulted from the mother's failure to distribute to the plaintiff a portion of the income received by the mother from a testamentary trust established in the will of the plaintiff's father.   On motion by the defendant, and after having considered an affidavit and a counter-affidavit filed by the parties, the court granted summary judgment for the defendant.   From that judgment, the plaintiff has appealed, claiming that the court erred in concluding that the fourth article in the will did not require the decedent mother to disburse portions of the trust income received by her for the plaintiff's maintenance, health and comfort.

The affidavits submitted by the parties to the trial court revealed that no material facts were in issue.   See *Rathkopf* v. *Pearson,* 148 Conn. 260, 170 A.2d 135.   Frederick W. Marzahl, the plaintiff's father, died on July 8, 1967, leaving a will in the fourth article of which he created a trust from which the income and principal were to be disposed

of as follows: "My Trustees shall pay the income to my wife, Margaret, during her lifetime in quarter annual payments or in more frequent payments in the discretion of my Trustees, together with such sums out or [sic] principal as my Trustees in their sole discretion shall deem proper from time to time for her suitable maintenance, health and comfort and for the suitable maintenance, health and comfort of my daughter, Anne."

The plaintiff contends that article four of the will established the mother as a trustee of a portion of the income received by her, and subjected her to a fiduciary duty to use that portion for the maintenance, health and comfort of the plaintiff. She argues that the circumstances surrounding the testator when the will was executed evidenced his intent to create such a trust; that that intent would become manifest in the language of the fourth article if a comma were to be inserted after the phrase "from time to time"; and that such a comma should have been supplied by the court since punctuation should not be allowed to obscure the true intent of a testator.

One of the basic elements necessary for the creation of a trust is a manifestation of intention to create it. Effect must be given to that intent which finds expression in the language used. *Fidelity Title & Trust Co.* v. *Clyde,* 143 Conn. 247, 253, 121 A.2d 625; *Conway* v. *Emeny,* 139 Conn. 612, 618, 96 A.2d 221. In *Peyton* v. *Wehrhane,* 125 Conn. 420, 425, 6 A.2d 313, citing *Loomis Institute* v. *Healy,* 98 Conn. 102, 114, 120 A. 291, we stated: "[W]hen property is given absolutely and without restrictions, a trust is not lightly to be imposed, upon mere words of recommendation or confidence." The plain and

unambiguous language used by the testator in the fourth article of his will does not give the slightest indication that he intended that his wife be subjected to a fiduciary duty to share the trust income with her daughter. The plaintiff is mentioned only with respect to the provision for payment of principal.

Moreover, even if we assume, arguendo, that the insertion of a comma after the phrase "from time to time" would render the provision susceptible to the interpretation urged by the plaintiff, the circumstances surrounding the testator at the time the will was executed, as disclosed by the plaintiff's counter-affidavit, afford no basis for making such an insertion. Punctuation may be inserted or deleted where a provision does not lend itself to a clear interpretation of the testator's intent and when "the result would be a clear and sensible statement, not out of accord with other provisions of the instrument and the testator's intent thereby manifested." *Simmons* v. *Simmons,* 99 Conn. 562, 568, 121 A. 819. The counter-affidavit points out that when the will was executed, the father knew that the plaintiff was almost destitute, and that he also knew that his wife was well provided for. In his will the testator provided for the plaintiff during the lifetime of her mother by allowing the trustees the discretion to provide portions of the principal of the trust for the maintenance, health and comfort of the plaintiff. It appears, however, that the plaintiff never requested the trustees to pay over any of the principal. Upon her mother's death, the entire principal was to be given to the plaintiff free from any trust. The will further provided that all property would go to the plaintiff in the event her mother predeceased her father. Article four lends itself to a clear interpretation of the testator's

intent with respect to the method of providing for his wife and daughter after his death. Nothing suggested by the plaintiff's affidavit is inconsistent with that expressed intention.

If a comma were to be inserted, the result would not be a "clear and sensible statement" and would be "out of accord with other provisions of the instrument." *Simmons* v. *Simmons,* supra. The clarity which pervades this will would be muddled by the question of whether the phrase "for the suitable maintenance, health and comfort of my daughter, Anne" referred to the income as well as to the principal of the trust. Moreover, the sixth article of the will nominates two named trustees "as Trustees of the trust herein created." To hold that the testator intended to create still another trust and to nominate another trustee would be completely out of accord with that provision.

The trial court's conclusion that the fourth article of the will could not be construed as establishing the decedent mother as the trustee of a trust for the benefit of the plaintiff cannot be disturbed.

There is no error.

In this opinion the other judges concurred.