The plaintiff brought this action to obtain reimbursement for basic reparations benefits paid to the defendants, whom it insured, pursuant to its obligation under the no-fault motor vehicle insurance act. General Statutes38-319 to 38-351. The plaintiff had paid benefits totaling $1950.61 for injuries sustained by the defendants in a collision on December 5, 1976 with another vehicle. The defendants subsequently received a negotiated settlement from the tortfeasor of $8650 as compensation for their injuries. The plaintiff demanded, under 38-325 (b), full reimbursement for the benefits it had paid, and brought this suit upon the defendants' refusal to comply. The trial court rendered judgment for the plaintiff, and the defendants subsequently filed a motion to open judgment. The defendants have appealed from the denial of this motion.[1] *Page 807 
The issues presented in this appeal are whether the court erred (1) in construing the reimbursement provisions of General Statutes 38-325 (b)[2] to extend to damages recovered by an insured from a settlement, as well as from a judgment; and (2) in disallowing any pro rata deduction for the legal services incurred by the insured in obtaining this recovery. We find no error, however, since we have consistently held that the interpretation of 38-325 (b) given by the trial court was correct in respect to both of these issues. Hartford Accident Indemnity Co. v. Holder, 37 Conn. Sup. 723, 726 n. 3, 436 A.2d 308
(1981).
The defendants contend that the amendment of this statute by Public Act 80-131 (now 38-325 (b), Rev. to 1981) requires a contrary result. That act expressly grants an insurer a right to reimbursement whenever the insured recovers damages "either by judgment or settlement," and provides that such reimbursement be reduced by "an amount which represents the insurer's contribution toward attorney's fees for the collection of basic reparations benefits." The defendants, although acknowledging that this act does not apply retroactively to their case, contend that the express inclusion of the word "settlement" in the act implies that 38-325 (b), as it existed at the time of the *Page 808 
accident, limited reimbursement only to damages recovered by way of judgment. Our review of the legislative history of this portion of the public act indicates, however, that the change in language was intended to clarify the statute rather than to effect a substantive change.[3] "`[A]n amendment which in effect construes and clarifies a prior statute must be accepted as the legislative declaration of the meaning of the original act.'" Hartford v. Suffield, 137 Conn. 341, 346, 77 A.2d 760 (1950), citing General Petroleum Corp. of Cal. v. Smith,62 Ariz. 239, 247, 157 P.2d 356 (1945).
The defendants also argue that the provision in the 1980 public act allowing a pro rata deduction for the insured's attorney's fee should also be deemed a declaration of the legislative intent regarding the prior statute. It is clear from the legislative history, however, that the only clarification intended related to the inclusion of the word "settlement." The additional change regarding attorney's fees could hardly be considered a clarification, since the prior statute had no provision for the deduction of such fees. This legislative change does not persuade us that our previous holdings, which have disallowed such a deduction, should be overruled. Aetna Ins. Co. v. Colbert, 37 Conn. Sup. 794, 437 A.2d 143
(1981); Hartford Accident Indemnity Co. v. Holder, supra.
 There is no error.
SHEA, DALY and BIELUCH, Js., participated in this decision.