KOSKOFF, KOSKOFF AND BIEDER *v.* ALLSTATE INSURANCE COMPANY

HEALEY, PARSKEY, ARMENTANO, SHEA and BORDEN, Js.

Argued April 8—decision released June 22, 1982

*Beverly J. Hodgson,* with whom, on the brief, was *Susan E. Weisselberg,* law student intern, for the plaintiff.

*Joseph F. Skelley, Jr.,* with whom, on the brief, was *John W. Bradley, Jr.,* for the defendant.

ARMENTANO, J. This appeal raises the issue of whether an insurer is entitled to full reimbursement, without deducting attorneys' fees, of basic reparations benefits paid to an insured under no-fault motor vehicle insurance when the insured has settled his claim against third parties.

The parties have stipulated to the following facts; Practice Book § 3134: The defendant paid basic reparations benefits to six of its insureds, all of whom are clients of the plaintiff law firm, for medical expenses and lost wages pursuant to the No-Fault Motor Vehicle Insurance Act. General Statutes §§ 38-319 through 38-351. On behalf of each of its clients the plaintiff instituted and settled

personal injuries claims arising out of automobile accidents against third parties. In each case, the settlement amount exceeded the basic reparations benefits paid by the defendant, after deducting expenses and the plaintiff's legal fee, which fee amounted to one-third of the gross settlement. After disbursing the settlement proceeds to each client and placing in escrow approximately $16,000, the amount of the basic reparations benefits paid by the defendant for all six clients, the plaintiff, in 1979, sought a judgment declaring whether the defendant or the plaintiff's clients were entitled to the funds in escrow. The trial court reserved three questions for review of this court.[1]

The first question reserved is: "Does Section 38-325 of the Connecticut General Statutes entitle the Defendant to full reimbursement of the entire amount of the basic reparations benefits paid to insureds who settled their claims against third parties?" Between January 1, 1973, when the No-Fault Motor Vehicle Insurance Act became effective; Public Acts 1972, No. 72-273;[2] and October 1, 1980, the period relevant to the present appeal, General Statutes § 38-325 (b) provided:

[1] We find that there are actual bona fide and significant questions of law in dispute between the parties; that the action is ready for final judgment; that the resolution of these questions involves public interest; and that their present resolution would be in the interest of judicial economy. Accordingly, we will consider the questions reserved. See General Statutes § 52-235; Practice Book §§ 390, 3133; *Cavalli v. McMahon*, 174 Conn. 212, 215, 384 A.2d 374 (1978); *Gentile v. Altermatt*, 169 Conn. 267, 271, 363 A.2d 1 (1975), appeal dismissed, 423 U.S. 1041, 96 S. Ct. 763, 46 L. Ed. 2d 631 (1976); *Bronson v. Thompson*, 77 Conn. 214, 219, 58 A. 692 (1904).

[2] This court upheld the constitutionality of the act in *Gentile v. Altermatt*, 169 Conn. 267, 309, 363 A.2d 1 (1975), appeal dismissed, 423 U.S. 1041, 96 S. Ct. 763, 46 L. Ed. 2d 631 (1976); see also *Hartford Accident & Indemnity Co. v. Holder*, 37 Conn. Sup. 723, 725, 436 A.2d 308 (1981).

"Whenever a person who receives basic reparations benefits for an injury recovers damages from the owner, registrant, operator or occupant of a private passenger motor vehicle with respect to which security has been provided under this chapter or from a person or organization legally responsible for his acts or omissions, the insurer is entitled to reimbursement from the claimant to the extent that said basic reparations benefits have been paid and the insurer shall have a lien on the claimant's recovery to such extent." One of the amendments to § 38-325 (b) which became effective October 1, 1980, was the insertion after "[w]henever a person who receives basic reparations benefits for an injury recovers damages," of the phrase "either by judgment or settlement." Public Acts 1980, No. 80-131.

"Basic reparations benefits are provided, without regard to fault, to the basic reparations insured for personal injuries and economic loss suffered as a result of automobile accidents." *Gentile* v. *Altermatt,* 169 Conn. 267, 270–71, 363 A.2d 1 (1975), appeal dismissed, 423 U.S. 1041, 96 S. Ct. 763, 46 L. Ed. 2d 631 (1976); see General Statutes § 38-319 (k). Reimbursement to the insurer of reparations benefits paid when the insured recovers damages for the same injuries comports with the general purpose of the no-fault legislation, which is to minimize the cost of mandatory insurance coverage by minimizing the amount of benefits paid by the insurer. See *Gentile* v. *Altermatt,* supra, 288–90; *Bobeck* v. *Public Service Mutual Ins. Co.,* 38 Conn. Sup. 318, 321, 445 A.2d 602 (1982).

The trial courts have been divided on whether "recovers damages" includes amounts received by settlement prior to that amendment in 1980. The Appellate Session of the Superior Court, however,

has consistently held that recoveries by settlement are included, reasoning that the language added by amendment sought to clarify, rather than alter, the original legislative intent in enacting the provision and that the common meaning of "recovers damages" includes settlement proceeds. *Norfolk & Dedham Mutual Fire Ins. Co.* v. *Sagnella,* 37 Conn. Sup. 806, 807–808, 437 A.2d 150 (1981); *Aetna Ins. Co.* v. *Colbert,* 37 Conn. Sup. 794, 795, 437 A.2d 143 (1981); *Amica Mutual Ins. Co.* v. *Brown,* 37 Conn. Sup. 618, 619–20, 430 A.2d 1317 (1981); *Unigard Ins. Co.* v. *Tremont,* 37 Conn. Sup. 596, 598, 430 A.2d 30 (1981); *Simmons* v. *United States Fidelity & Guaranty Co.,* 35 Conn. Sup. 664, 666, 405 A.2d 675 (1978). Our review of the statutory language and of its legislative history[3] compels us to agree with the Appellate Session view.[4] Accordingly, our answer to the first question is "yes."

The second question reserved is: "Does Section 38-325 of the Connecticut General Statutes entitle the Defendant to reimbursement for the amount of the basic reparations benefits paid to insureds who settled their claims against third parties reduced by a share of the attorney's fees and costs in the same proportion that the benefits paid bear to the

---

[3] In support of adding the language "either by judgment or settlement" to General Statutes § 38-325 (b), Representative Richard D. Tulisano, House Chairman of the Judiciary Committee, explained: "the amendment *clarifies* . . . that any of the damages referred to that are collected or recovered refers to either those recovered out of a judgment or settlement . . . ." (Emphasis added.) 23 H. R. Proc., Pt. 12, 1980 Sess., p. 3630; see id., 3632.

[4] This court's dictum in *Gentile* v. *Altermatt,* 169 Conn. 267, 274, 363 A.2d 1 (1975), appeal dismissed, 423 U.S. 1041, 96 S. Ct. 763, 46 L. Ed. 2d 631 (1976), that § 38-325 (b) provides for reimbursement "if the injured person is successful in recovering damages in a negligence suit against another owner," is not in conflict with our holding in the present case because we did not exclude recovery by settlement of a suit in that dictum.

total settlement amount?" Another amendment of General Statutes § 38-325 (b), provided by Public Acts 1980, No. 80-131, entitled "An Act Concerning Payment of Fees for Collection of Basic Reparations Benefits," added to the reimbursement provisions a provision that required "an amount which represents the insurer's contribution toward attorney's fees for the collection of basic reparations benefits" to be deducted from the reimbursement.[5]

The plaintiff claims that if this court construes "recovers damages" to include settlement proceeds, then we must also give retroactive effect to the new provisions regarding proportionate deduction for attorneys' fees afforded by the 1980 amendment. We do not agree and adopt the Appellate Session reasoning that distinguishes between language clarifying an earlier provision and language augmenting an earlier statute. See *Norfolk & Dedham Mutual Fire Ins. Co.* v. *Sagnella,* supra, 808; *Amica Mutual Ins. Co.* v. *Brown,* supra, 620. Prior to October 1, 1980, General Statutes § 38-325 (b) contained no provision for deducting attorneys' fees from the amount reimbursed to the insurer, and the plaintiff has failed to persuade us that the legislature intended the amendment to be given retroactive effect. See, e.g., General Statutes §§ 1-1 (u)

---

[5] Public Acts 1980, No. 80-131 added further: "Such amount shall be computed by multiplying the total amount of such reasonable attorney's fees and costs, by a fraction, the numerator of which shall be the amount of basic reparations benefits received by the claimant and the denominator shall be the amount of damages recovered by the claimant, less court costs. In no event shall such amount exceed one-third the amount of the basic reparations benefits to be reimbursed to the insurer. The insurer shall have a lien on the claimant's recovery for the amount to which he is entitled for such reimbursement."

Public Acts 1981, No. 81-386, effective October 1, 1981, added that "no such lien shall attach until such time as the proceeds of such recovery are in the possession and control of such claimant."

and 55-3; *Hunter* v. *Hunter,* 177 Conn. 327, 331, 416 A.2d 1201 (1979). Therefore, our answer to the second question is "no."

Finally, the third question reserved is: "Are the Plaintiff's clients entitled to retain the full amount of the monies held in escrow by the Plaintiff?" The plaintiff's claim that attorneys' fees should be deducted from the amount reimbursed on the equitable ground of quantum meruit is without basis because the defendant by sending notice of the lien to the plaintiff and the plaintiff's counsel was not impliedly contracting for the services of the plaintiff but rather was merely advising the plaintiff of its right to reimbursement. See *Safeco Ins. Co.* v. *Parillo,* Appellate Session of the Superior Court, Docket No. A.S. 653, April 27, 1979. The plaintiff's additional claim based on unjust enrichment is inapplicable in the context of a statutory lien. See *Simmons* v. *United States Fidelity & Guaranty Co.,* 35 Conn. Sup. 664, 667, 405 A.2d 675 (1978). The plaintiff's claim based on the trust fund doctrine is inapposite because the essential elements of a trust, express or implied, are not present in this case. See *Zack* v. *Guzauskas,* 171 Conn. 98, 103, 368 A.2d 193 (1976); *Marzahl* v. *Colonial Bank & Trust Co.,* 170 Conn. 62, 64, 364 A.2d 173 (1976); *Worobey* v. *Sibieth,* 136 Conn. 352, 355–56, 71 A.2d 80 (1949). With respect to the plaintiff's final claim, that the statute as construed here violates the equal protection clause, we adopt the Appellate Session reasoning which rejects that claim in *Hartford Accident & Indemnity Co.* v. *Holder,* 37 Conn. Sup. 723, 436 A.2d 308 (1981). Accordingly, our answers to the first two questions compel a negative response to the third question.

In this opinion the other judges concurred.