[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Travelers Insurance Company, has paid property damage to its insured, Amtech, Inc., for the collision damage incurred to a vehicle owned by Amtech in an automobile accident on November 28, 1989. In addition, the plaintiff has paid uninsured motorist benefits to Angelo Zavarella and Yvette Rodriques for personal injuries those individuals incurred in that automobile accident.
The plaintiff has now commenced an action against the defendant, Truck Equipment of Boston, Inc., alleging that a vehicle owned by the defendant caused the aforesaid accident. In the first count of the complaint the plaintiff seeks reimbursement for the property damage it has paid. The second count of the complaint seeks reimbursement for amounts of money that the plaintiff has paid for personal injuries, under the uninsured motorist coverage. CT Page 2062
Defendant moves to strike the second count for the reason that Connecticut law does not permit the recovery sought in that count. The plaintiff argues that he properly brings this action pursuant to General Statutes 38a-369. Plaintiff further argues that General Statutes 38a-369 authorizes the assignment of actions for personal injuries.
The court in Berlinski v. Ovellette, 164 Conn. 482,325 A.2d 239 (1973), on the issue of whether one can assign a cause of action for personal injuries, stated:
 Under common law a cause of action for personal injuries cannot be assigned, and in the absence of a statutory provision to the contrary a right of action for personal injuries resulting from negligence is not assignable before judgment. 6 Am.Jur.2d 220, Assignments, 37. The rule is succinctly stated in the Restatement, 2 Contracts 547(1)(d): "An assignment of a claim against a third person or a bargain to assign such a claim is illegal and ineffective if the claim is for . . . (d) damages for an injury the gist of which is to the person rather than to property, unless the claim has been reduced to judgment." The annotation, "Assignability of claim for personal injury or death," 40 A.L.R.2d 500, 502 3, has noted: "It seems that few legal principles are as well settled, and as universally agreed upon, as the rule that the common law does not permit assignments of causes of action to recover for personal injuries." See cases therein cited. The rule was early recognized in Connecticut. See Whitaker v. Gavit, 18 Conn. 522, 526. The reasons underlying the rule have been variously stated: unscrupulous interlopers and litigious persons were to be discouraged from purchasing claims for pain and suffering and prosecuting them in court as assignees; actions for injuries that in the absence of statute did not survive the death of the victim were deemed too personal in nature to be assignable; a tort-feasor was not to be held liable to a party unharmed by him; and excessive litigation was thought to be reduced. Robins Dry Dock Repair Co. v. Flint, 275 U.S. 303, 48 S.Ct. 134, 72 L.Ed. 290; Rice v. Stone, 83 Mass. 566; note, 40 A.L.R.2d 500. The more modern cases suggest that such an assignment directly or indirectly serves to prejudice the ultimate ability of the injured person to be compensated fully. See Harleysville Mutual Ins. Co. v. Lea, 2 Ariz. App. 538, 410 P.2d 495, Fifield Manor v. Finston, 54 Cal.2d 632, 354 P.2d 1073; Forsthove v. Hardware Dealers Mutual Fire Ins. Co., 416 S.W.2d 208, 215-18 (Mo.App. ).
Berlinski, supra, 485-86. CT Page 2063
Pursuant to the reasoning of the court in Berlinski a cause of action for personal injuries cannot be assigned, absent a statutory provision permitting the same. Plaintiffs argue that General Statutes 38a-369 enacted after the Supreme Court's decision in Berlinski, authorizes the assignment of a cause of action for personal injuries.
General Statutes 38a-369 provides:
 Sec. 38a-369. (Formerly Sec. 38-325). Subrogation. (a) Except as provided in this section, an insurer does not have, and may not directly or indirectly contract for, any right of subrogation to the proceeds of any cause of action of a recipient of basic reparations benefits against any person or organization not entitled to an exemption from liability under section 38a-368.
 (b) Whenever a person who receives basic reparations benefits for an injury recovers damages, either by judgment or settlement, from the owner, registrant, operator or occupant of a private passenger motor vehicle with respect to which security has been provided under sections 38a-19
and 38a-363 to 38a-388, or from a person or organization legally responsible for his acts or omissions, the insurer is entitled to reimbursement from the claimant to the extent that said basic reparations benefits have been paid, minus an amount which represents the insurer's contribution toward attorney's fees for the collection of basic reparations benefits. Such amount shall be computed by multiplying the total amount of such reasonable attorney's fees and costs by a fraction, the numerator of which shall be the amount of basic reparations benefits received by the claimant and the denominator shall be the amount of damages recovered by the claimant, less court costs. In no event shall such amount exceed one-third the amount of the basic reparations benefits to be reimbursed to the insurer. The insurer shall have a lien on the claimant's recovery for the amount to which he is entitled for such reimbursement; provided no such lien shall attach until such time as the proceeds of such recovery are in the possession and control of such claimant.
 (c) Whenever a person who receives basic reparations benefits for an injury has a right of recovery against any person or organization not described in subsection (b), an insurer that has paid such benefits to or for the injured person shall be subrogated to all such rights of recovery to the extent of its payments.
CT Page 2064
 (d) Under subsections (b) and (c), the right to reimbursement and the retention of subrogation recoveries shall in no event exceed the amount actually recovered after the deduction of reasonable and necessary expenditures, including attorney's fees.
General Statutes 38a-369.
General Statutes 38a-363(k) defines basic reparations benefits as:
 "Basic reparations benefits" are benefits reimbursing persons suffering economic loss through injury arising out of the ownership, maintenance or use of a private passenger motor vehicle as provided in this section 38a-19 and 38a-363 to 38a-388, inclusive.
General Statutes 38a-363(k) is part of the No-Fault Motor Vehicle Insurance Act just as General Statutes 38a-369 is.
The court in Koskoff, Koskoff Bieder v. Allstate Ins. Co., 187 Conn. 41, 446 A.2d 818 (1982), stated:
 "Whenever a person who receives basic reparations benefits for an injury recovers damages from the owner, registrant, operator or occupant of a private passenger motor vehicle with respect to which security has been provided under this chapter or from a person or organization legally responsible for his acts or omissions, the insurer is entitled to reimbursement from the claimant to the extent that said basic reparations benefits have been paid and the insurer shall have a lien on the claimant's recovery to such extent." One of the amendments to 38-325(b) which became effective October 1, 1980, was the insertion after "[w]henever a person who receives basic reparations benefits for an injury recovers damages," the phrase "either by judgment or settlement." Public Acts 1980, No. 80-131.
 "Basic reparations benefits are provided, without regard to fault, to the basic reparations insured for personal injuries and economic loss suffered as a result of automobile accidents." Gentile v. Altermatt, 169 Conn. 267, 270-71, 363 A.2d 1 (1975), appeal dismissed, 423 U.S. 1041, 96 S.Ct. 763, 46 L.Ed.2d 631 (1976); see General Statutes 38-319(k). Reimbursement to the insurer of reparations benefits paid when the insured recovers damages for the same injuries comports with the general purpose of the no-fault legislation, which is to CT Page 2065 minimize the cost of mandatory insurance coverage by minimizing the amount of benefits paid by the insurer. See Gentile v. Altermatt, supra, 288-90; Bobeck v. Public Service Mutual Ins. Co., 38 Conn. Sup. 318, 321, 445 A.2d 602 (1982).
Koskoff, Koskoff Bieder, supra, 454.
In Koskoff, Koskoff Bieder the court discussed General Statutes 38-325 for the precursor of General Statutes 38a-369. Pursuant to the language in Koskoff, Koskoff Bieder it is the reimbursement of no-fault reparations benefits that is addressed in General Statutes 38a-369.
The court in Shelby Mutual Ins. Co. v. Della Ghelfa,200 Conn. 630, 513 A.2d 52 (1986) stated:
 Although there is no question that, when enacted in 1972, the act provided for reparations benefits of only $5000; see generally 15 S. Proc., Pt. 5, 1972 Sess., pp. 2143-49, 2161, remarks of Senator Jay Jackson; 15 H.R. Proc., Pt. 5, 1972 Sess., pp. 1843-53, remarks of Representative John Carrozzella; the act also contained 38-330, granting the insurance commissioner the authority to adopt regulations requiring insurers to offer optional added reparations benefits.
Shelby Mutual Ins. Co., supra, 637-38.
Just as in Koskoff, Koskoff Bieder, the term "reparations benefits" is used exclusively in reference to no-fault insurance coverage.
General Statutes 38a-369 is within the Connecticut No-Fault Motor Vehicle Insurance Act. Pursuant to the reasoning of the court in Koskoff, Koskoff Bieder and Shelby Mutual Ins. Co. General Statutes 38a-369 permits subrogation, but only for benefits paid pursuant to no-fault insurance. General Statutes 38a-369(c). General Statutes 38a-369 does not authorize subrogation for any other insurance policy payment, including but not limited to uninsured motorist coverage. The limited scope of General Statutes 38a-369 is plain in that subrogation is limited to "basic reparations benefits."
General Statutes 38a-369 allows subrogation only for no-fault benefits that have been paid. In the present case, it is not no-fault insurance for which the plaintiff seeks reimbursement, but rather uninsured motorist coverage payments. Therefore, the motion to strike the Second Count is granted. CT Page 2066
BURNS, JUDGE
End Note:
In its brief of December 14, 1991, the plaintiff argues: "This purpose (reduction of insurance premiums) would be thwarted if an insured was (sic) allowed to retain both benefits from the insurer and recovery from the tortfeasor. ." The insurer's liability under the uninsured motorists coverage must be reduced by any recovery from the tortfeasor. See Dugas v. Lumbermens Mutual Casualty Co., 217 Conn. 631, 633 n. 1., 645.