**In re Emad S. AHMED, Judith G. Ahmed, Debtors.**

**Bankruptcy No. 93–53790.**

United States Bankruptcy Court, D. Connecticut.

April 15, 1996.

Frederick A. Dlugokecki, Naugatuck, Connecticut, for debtors.

William J. Ward, Naugatuck, Connecticut, for objector G & L Excavating, Inc.

### MEMORANDUM OF DECISION ON OBJECTION TO CLAIMS OF EXEMPTION

ALBERT S. DABROWSKI, Bankruptcy Judge.

The above-captioned matter requires the Court to determine the propriety of certain claims of exemption made by the Debtors,

most notably their claim to a "homestead" exemption pursuant to Section 52–352b(t) of the Connecticut General Statutes. For the reasons stated below, the Court determines, *inter alia*, that the Debtors' claimed exemption under C.G.S. § 52–352b(t) is unavailable to them insofar as it affects claims against the Debtors which arose prior to October 1, 1993.

## I. JURISDICTION

The United States District Court for the District of Connecticut has jurisdiction over the instant matter by virtue of 28 U.S.C. § 1334(b); and this Court derives its authority to hear and determine the matter on reference from the District Court pursuant to 28 U.S.C. § 157(a), (b)(1). This is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(B).

## II. BACKGROUND

On November 29, 1993, the Debtors commenced the instant bankruptcy case through the filing in this Court of a joint voluntary petition pursuant to 11 U.S.C. § 302(a). Relief on said petition was simultaneously ordered by this Court. On December 16, 1993, the Debtors filed Schedules and Statements in their case (hereafter referred to as the "Original Schedules"). Original Schedule A—"Real Property"—disclosed that one or both of the Debtors held a fee simple interest in real property located at 75 Visconti Drive, Naugatuck, Connecticut (hereafter referred to as the "Residence") valued by them at $145,000.00, with claims secured thereby in the amount of $138,000.00. Original Schedule B—"Personal Property"—disclosed that one or both of the Debtors owned two motor vehicles: a 1986 BMW, valued at $3,500.00, and a 1988 Mitsubishi Precis, valued at $1,000.00 (hereafter referred to collectively as the "Motor Vehicles"). On Original Schedule C—"Property Claimed as Exempt"—the Debtors' elected the federal exemption scheme pursuant to 11 U.S.C.

§ 522(b)(1), and claimed exemptions in the Residence in the amount of $7,000.00 under 11 U.S.C. § 522(d)(1); the 1986 BMW in the amount of $3,500.00 under 11 U.S.C. § 522(d)(2), (5); and the 1988 Mitsubishi Precis in the amount of $1000.00 under 11 U.S.C. § 522(d)(2).

On December 29, 1993, the Debtors purported to amend the Original Schedules through the filing of additional Schedules A, B, C and D, and an "Amended" Summary of Schedules (hereafter referred to as the "First Amended Schedules").[1] First Amended Schedule A revised the value of the Residence upward to $152,000, with claims secured thereby in the amount of $137,819.12. First Amended Schedule B revised the valuation of the 1986 BMW downward to $3000.00. First Amended Schedule C changed the claimed exemption in the Residence to $14,180.88 under 11 U.S.C. § 522(d)(1), and in the 1986 BMW to $2,269.12 under 11 U.S.C. § 522(d)(2), (5).

On June 20, 1994, the Debtors purported to amend their claims of exemption further through the filing of an "Amended" Schedule C (hereafter referred to as "Second Amended Schedule C") through which they elected the State law exemption scheme pursuant to 11 U.S.C. § 522(b)(2).[2] On Second Amended Schedule C the Debtors claimed, *inter alia*, exemptions in the Residence in the amount of $14,180.88 under C.G.S. § 52–352b(t); in the 1986 BMW in the amount of $3000.00 under C.G.S. § 52–352b(j), (r); and in the 1988 Mitsubishi Precis in the amount of $1000.00 under C.G.S. § 52–352b(j).

On July 28, 1994, the Debtors filed further amendments to Schedule A (hereafter referred to as "Second Amended Schedule A") and Schedule C (hereafter referred to as "Third Amended Schedule C"). Second Amended Schedule A revised the market value of the Residence upward to $180,000.00. Third Amended Schedule C again elected the

---

1. The Debtors' verification of the First Amended Schedules was not filed until January 5, 1994.

2. Although the Debtors failed to explicitly denote their election in the space provided for that purpose on Second Amended Schedule C, their intent to elect the State law exemption scheme is

clear from the fact that all exemption claims were made pursuant to C.G.S. § 52–352b. Therefore, the Court deems the Debtors to have made an election of the State law exemption scheme.

State law exemption scheme, and revised the exemption claim in the Residence upward to $42,180.88 pursuant to C.G.S. § 52–352b(t).

On August 1, 1994, G & L Excavating, Inc., by and through counsel, filed its Objection to Amended Schedules (hereafter referred to as the "Objection"). The Objection specifically objects to the Debtors' claim to: (1) a homestead exemption under C.G.S. § 52–352b(t), and (2) an aggregate exemption of $4000.00 in the Motor Vehicles under C.G.S. § 52–352b(j) and (r).

All claims of secured creditors listed on Debtors' Schedule D, as amended, and all claims of unsecured priority creditors listed on Schedule E were incurred prior to October 1, 1993. It is unclear from the Debtors' Schedule F whether any of the claims of general unsecured creditors were incurred on or after October 1, 1993.

### III. DISCUSSION

The nature and scope of a bankruptcy debtor's entitlement to exempt property is governed by Section 522 of the Bankruptcy Code and Rule 4003 of the Federal Rules of Bankruptcy Procedure. Section 522 provided in relevant part as follows:

\* \* \* \* \* \*

(b) Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate the property listed in either paragraph (1) or, in the alternative, paragraph (2) of this subsection ... Such property is—

(1) property that is specified under subsection (d) of this section ... or, in the alternative,

(2)(A) any property that is exempt under Federal law, other than Subsection (d) of this section, or State or local law that is applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located for the 180 days immediately preceding the date of the filing of the petition, or for a longer portion of such 180–day period than in any other place....

\* \* \* \* \* \*

(l) The debtor shall file a list of property that the debtor claims as exempt under subsection (b) of this section ... Unless a party in interest objects, the property claimed as exempt on such list is exempt.

\* \* \* \* \* \*

11 U.S.C. § 522 (1993).

Federal Rule of Bankruptcy Procedure 4003 provides in relevant part as follows:

(a) *Claim of Exemptions.* A debtor shall list the property claimed as exempt under § 522 of the Code on the schedule of assets required to be filed by Rule 1007....

(b) *Objections to Claim of Exemptions.* The trustee or any creditor may file objections to the list of property claimed as exempt within 30 days after the conclusion of the meeting of creditors held pursuant to Rule 2003(a), or the filing of any amendment to the list or supplemental schedules unless, within such period, further time is granted by the court....

(c) *Burden of Proof.* In any hearing under this rule, the objecting party has the burden of proving that the exemptions are not properly claimed. After hearing on notice, the court shall determine the issues presented by the objections.

Fed.R.Bankr.P 4003.

In the instant case a creditor—G & L Excavating, Inc. (hereafter referred to as the "Objector")—has objected to the Debtors' claim of exemption in two species of property: (1) the Residence and (2) the Motor Vehicles. Depending upon the Debtors' election of State or federal exemption schemes under Section 522(b), the Debtors' claims of exemption in the Residence and Motor Vehicles are governed by either 11 U.S.C. § 522(d) or C.G.S. § 52–352b. On the date of the filing of the petition in this case, those statutes provided in relevant part as follows:

**§ 522. Exemptions.**

\* \* \* \* \* \*

(d) The following property may be exempted under subsection (b)(1) of this section:

(1) The debtor's aggregate interest, not to exceed $7,500 in value, in real property or personal property that the

debtor or a dependent of the debtor uses as a residence ...

(2) The debtor's interest, not to exceed $1,200 in value, in one motor vehicle.

\* \* \* \* \* \*

11 U.S.C. § 522 (1993).

### § 52–352b. Exempt property.

The following property of any natural person shall be exempt:

\* \* \* \* \* \*

(j) One motor vehicle to the value of one thousand five hundred dollars, provided value shall be determined as the fair market value of the motor vehicle less the amount of all liens and security interests which encumber it;

\* \* \* \* \* \*

(r) Any interest of the exemptioner in any property not to exceed in value one thousand dollars;

\* \* \* \* \* \*

(t) the homestead [3] of the exemptioner to the value of seventy-five thousand dollars, provided value shall be determined as the fair market value of the real property less the amount of any statutory or consensual lien which encumbers it. . . .

\* \* \* \* \* \*

C.G.S. § 52–352b (1993).

### A. Motor Vehicles.

■ The Objector's argument with respect to the Debtors' claims of exemption in the Motor Vehicles can be disposed of rather easily. Fed.R.Bank.P. 4003(b) requires an objection to be filed "within 30 days after ... the filing of any amendment to the [exemption] list [Schedule C] or supplemental sched-

ules unless, within such period, further time is granted by the court."

Although the Objection was filed within only four days of the filing of the Debtors' Third Amended Schedule C, that final amendment did not alter in any manner the claim of exemption in the Motor Vehicles. The Debtors' final amendment of exemption claims *with respect to the motor vehicles* came on June 20, 1994. Thus the August 1, 1994 Objection came more than 30 days after the *relevant* amendment. Further, the Objector never requested an extension of the 30–day objection period. Accordingly, the Objector's exemption objection with respect to the Motor Vehicles is time-barred and shall be overruled.

### B. The Residence.

■ The Objection is not time-barred with respect to the Residence. The last amendment of Schedule C that altered exemption claims in the Residence was filed July 28, 1994. The Objection followed on August 1, 1994, well within the 30–day window of Bankruptcy Rule 4003(b).

In addressing the merits of the Objection, this Court begins with the observation that the Residence is the "homestead" of one or both of the Debtors [4] as that term is defined by C.G.S. § 52–352a(e). In claiming an exemption under C.G.S. § 52–352b(t), one or both of the Debtor's implicitly claimed the Residence as their "homestead", and their other Schedules and Statements support such a finding. If the Objector intended or attempted to contest this fact, it failed to carry its burden of proof on such issue under Bankruptcy Rule 4003(c).

The heart of the question before the Court concerns the extent, if any, to which the "new" $75,000.00 Connecticut homestead ex-

---

3. "Homestead" is defined by C.G.S. § 52–352a(e) as "owner-occupied real property or mobile manufactured home, as defined in subdivision (1) of section 21–64, used as a primary residence."

4. In none of their Original or Amended Schedules "A" did the Debtors provide a response in the column requesting information on the titling of their interests in real property. As a result, the Court is unable to determine if the Residence

is owned jointly by both Debtors, or individually by one of them. Similarly, it is unclear if one or both of the Debtors have claimed a homestead exemption on Schedule C. Determination of this title issue could have a significant impact on the maximum exemption allowable against the Residence. However, given the disposition of the instant objection, it is unnecessary for the Court to determine that issue.

emption—C.G.S. § 52–352b(t)—applies in bankruptcy cases, such as the instant case, filed on or after October 1, 1993. That question is raised by the "effective date" language which accompanied the Connecticut Legislature's creation of the homestead exemption, to wit: "This act shall take effect October 1, 1993, and shall be applicable to any lien for any obligation or claim arising on or after said date." P.A. 93–301 § 3.

In addressing this question the Court does not write on a blank slate since the identical issue has been visited by the Honorable Gerald L. Goettel of the United States District Court for the District of Connecticut, and the Honorable Alan H.W. Shiff and the Honorable Robert L. Krechevsky of this Court. *Gernat v. Belford,* 192 B.R. 601 (D.Conn. 1996); *In re Duda, et al.,* 182 B.R. 662 (Bankr.D.Conn.1995); *In re Morzella,* 171 B.R. 485 (Bankr.D.Conn.1994). Each of these decisions holds that C.G.S. § 52–352b(t) was intended to apply only to obligations or claims which arose on or after October 1, 1993, and that such result is not altered in the context of bankruptcy. This Court fully concurs with this holding, and adopts the analysis employed in each of the opinions in arriving at such a conclusion. Accordingly, the present objection to the claim of a homestead exemption pursuant to C.G.S. § 52–352b(t) must be sustained as to claims against the Debtors which arose prior to October 1, 1993.[5]

## IV. CONCLUSION

For the foregoing reasons, the objection of G & L Excavating, Inc. to the Debtors' claim of exemption in a 1986 BMW automobile and a 1988 Mitsubishi Precis automobile shall be OVERRULED; and the objection of G & L Excavating, Inc. to the Debtors' claim of exemption in real property located at 75 Visconti Drive, Naugatuck, Connecticut pursuant to C.G.S. § 52–352b(t) shall be SUSTAINED as to claims against the Debtors,

individually or jointly, which arose prior to October 1, 1993.

---

5. Given the Court's disposition of the Objection with respect to the claimed homestead exemption, it is unnecessary for the Court to address the Objector's argument that the Debtors were estopped or otherwise barred from changing their exemption scheme election from federal to State.