[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FORSUMMARY JUDGMENT (NO. 107) AND DEFENDANT'S CROSS MOTIONFOR SUMMARY JUDGMENT (NO. 109)
I. Factual and Procedural Background
The plaintiff Leslie Roberts, A/K/A Leslie Carpenter, represented by her guardian and next friend Shaun Carpenter, had previously obtained a judgment in her favor against the defendant, Samuel Rand, for a sum of $384,819.77 in damages and $492.00 in costs. This action is filed to foreclose the judgment lien on the defendant's real property.
The plaintiff alleges that the defendant owns an undivided one-half interest in the real property on which a judgment lien certificate was filed and recorded with the town clerk of the Town of Lyme on July 30, 1997.
The original complaint was filed on October 1, 1997. The defendant filed an answer raising two special defenses: (1) the plaintiff is not the proper plaintiff; and (2) a homestead exemption applies under the Connecticut Homestead Act, Connecticut General Statutes § 52-352b. The plaintiff filed a motion for summary judgment on January 12, 1998, and defendant in turn filed a cross motion for summary judgment on January 21, 1998. The Court heard oral argument on February 9, 1998, at which time all parties were present and had an opportunity to be fully CT Page 4779 heard.
II. Discussion
A. Summary Judgment, Generally
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Millerv. United Technologies Corp. , 233 Conn. 732, 745, 660 A.2d 810
(1995).
"A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case."Catz v. Rubenstein, 201 Conn. 39, 48, 513 A.2d 98 (1986). "The party moving for summary judgment has the burden of showing the absence of any genuine issues as to all the material facts, which under applicable principles of substantive law, entitle him to judgment as a matter of law. To satisfy the burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." Suarez v. Dickmont Plastics Corp. ,229 Conn. 99, 105 639 A.2d 507 (1994); Miller v. United TechnologiesCorp. , supra, 233 Conn. 744.
B. Plaintiff's Motion for Summary Judgment
The plaintiff moves for summary judgment on both the defendant's special defenses.
1. Improper Plaintiff
The defendant argues that Shaun Carpenter PPA cannot foreclose a judgment lien since at the time judgment entered, Leslie Roberts, AKA Leslie Carpenter, was over the age of eighteen years.
The plaintiff counters that Shaun Carpenter PPA has remained the plaintiff throughout the former proceedings and during the return of the verdict and entry of the judgment. This identical issue was raised by the defendant in his request to revise, dated October 23, 1997. The plaintiff objected to the request and the objection was sustained by the Court on November 19, 1997. That decision is the law of the case. See Goodson v. State, CT Page 4780228 Conn. 106, 112 (1993); Monroe v. Monroe, 177 Conn. 173, 176 (1979), appeal dismissed.
This Court would add that it agrees with plaintiff that the defendant should have filed a motion to strike for nonjoinder of a necessary party. This would have been the proper remedy under Connecticut Practice Book § 151. The defendant is now precluded from filing such a motion because the answer has already been filed. "Whenever any party wishes to contest . . . (3) the legal sufficiency of any such complaint . . . or any count thereof, because of the absence of any necessary party . . . that party may do so by filing a motion to strike the contested pleading or part thereof." Connecticut Practice Book § 152. The exclusive remedy for nonjoinder of parties is by motion to strike." Connecticut Practice Book § 198; see alsoGeorge v. St. Ann's Church, 182 Conn. 322, 325 (1980).
Finally, a foreclosure proceeding is an equitable proceeding where the trial court may consider all relevant circumstances to ensure complete justice is done. Reynolds v. Ramos, 188 Conn. 316,320, 449 A.2d 182 (1982). This Court will not elevate form over substance and, therefore, rejects the defendant's argument regarding the improper party. Accordingly, plaintiff's motion for summary judgment as to defendant's first special defense is granted.
2. Connecticut General Statutes § 52-352a and b, the Homestead Exemption
Section 52-352b(t), which became effective on October 1, 1993, provides in relevant part, "The following property of any natural person shall be exempt . . . (t) the homestead of the exemptioner to the value of seventy-five thousand dollars. . . ." "Since its enactment, the homestead exemption statute has been construed as not applying retroactively to unsecured debts which arose prior to October 1, 1993." Id. In re Gernat v. Belfordt,192 B.R. 601, affirmed 98 F.3d 729 (D.Conn. 1996); State ofConnecticut v. Lindsay, 19 CONN. L. RPTR. 205, 1997 WL 112811 (Conn.Super.).
In this case the defendant's act of sexual abuse against the plaintiff arose prior to October 1, 1993. Accordingly, the plaintiff's motion for summary judgment as to the defendant's second special defense is granted.
III. Conclusion CT Page 4781
The defendant's two special defenses are legally insufficient. Accordingly, the plaintiff's motion for summary judgment is granted as to both.
HANDY, J.