**In re Alex ALESSANDRO, Jr., Debtor.**

**Alex Alessandro, Jr., Movant,**

**v.**

**People's Bank, Brescome Barton, Inc., and Hartley and Parker Limited, Inc., Respondents.**

**Bankruptcy No. 98–50683.**

United States Bankruptcy Court, D. Connecticut.

Jan. 18, 2000.

Mark M. Kratter, Norwalk, CT, for Alessandro.

Louis C. Zowine, Bridgeport, CT, for People's Bank.

1. Respondents Brescome Barton, Inc. and Hartley and Parker Limited, Inc., which obtained judgment liens on August 5 and July 31, 1997, have not responded to the debtor's motion. Moreover, the origination of those liens is unclear. *See Motion* at ¶ 7.

## MEMORANDUM AND ORDER ON DEBTOR'S MOTION TO AVOID LIENS IMPAIRING EXEMPTION

ALAN H. W. SHIFF, Chief Judge.

The discrete issue here is whether the debtor, Alex Alessandro, Jr., may invoke Connecticut's homestead exemption to avoid a judgement lien that emanated from an unsecured revolving personal line of credit.

### BACKGROUND

The debtor owns a single family residence in Bridgeport, CT. On February 6, 1976, he signed an agreement with People's Bank to receive an unsecured revolving line of credit. On September 19, 1997, the bank recorded a judgment lien on his residence in the amount of $6.581.87 to secure the line of credit.[1] On April 15, 1998, the debtor commenced this chapter 7 case. On April 12, 1999, he filed the instant motion under 11 U.S.C. § 522(f)(1)(A) to avoid the judgment lien, claiming that it impaired his homestead exemption provided by Connecticut law and the Bankruptcy Code.[2] *See* Connecticut General Statutes § 52–352b(t) and 11 U.S.C. § 522(b)(2)(A).

### DISCUSSION

■ Section 522(b)(2)(A) of the bankruptcy code provides that a debtor may elect state law exemptions as an alternative to the federal exemptions provided in § 522(d). In 1993, the Connecticut legislature enacted Public Act No. 93–301. Section 2 of the Act added subsection 52–352b(t) which created a $75,000 homestead exemption as a measure of protection for homeowners. Section 3 of the Act provided that it "shall take effect October 1, 1993, and *shall be applicable to any lien for any obligation or claim arising on or*

2. It is undisputed that the debtor's home had a fair market value of $75,000 as of the petition date.

*after said date."* P.A. 93–301 § 3 (emphasis added). Code section 522(f)(1)(A) provides that "the debtor may avoid the fixing of a [judicial] lien on an interest ... in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section ...". The debtor argues that since the bank's judgment lien first came into existence after the effective date of the Act, he may avoid it under § 522(f)(91)(A).

The issue here turns on the meaning of section 3, *i.e.,* whether the homestead exemption is applicable to liens that arose after the effective date of Act or to obligations or claims arising after that date. That issue was raised and resolved in *In re Duda,* 182 B.R. 662, 666 (Bankr.D.Conn. 1995), (the statute's plain language supports the construction that the homestead exemption applies only to obligations or claims arising after the effective date as distinguished from the date of the lien) *aff'd. sub nom. Gernat v. Belford (In re Gernat),* 192 B.R. 601 (D.Conn.1996), *aff'd,* 98 F.3d 729 (2nd Cir.1996). Thus, it is apparent that when People's Bank extended the debtor an unsecured line of credit in 1976, it did so "in reliance on settled law which provided no homestead exemption." *Id.* at 669.

 Moreover, a debtor bears the burden of persuasion under § 522(f) by a preponderance of the evidence. *See* 5 FED. PROC. § 9:929 n. 60 (1991); *Grogan v. Garner,* 498 U.S. 279, 286–291, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991) (establishing the preponderance standard as the default burden of proof in bankruptcy litigation). The specific terms of the debtor's application for a revolving personal credit line, including any boiler-plate language, are unclear.[3] However, because the debtor provided no evidence that the claim or obligation arose after the effective date of

the homestead exemption, those ambiguities must be resolved in favor of People's Bank.[4] It is therefore determined that the debtor's claim or obligation arose when he obtained the revolving credit line.

Accordingly, the debtor's motion is DENIED, and it is SO ORDERED.

---

**3.** A largely illegible reduced photocopy of the personal credit line application was attached as Exhibit B to People's Bank's November 17, 1999 brief.

**4.** The ambiguity in the record as to the other respondent lienholders, *see supra* n. 1, is likewise construed in their favor.