ANNA LITTLE *v.* HOWARD S. IVES, HIGHWAY COMMISSIONER OF THE STATE OF CONNECTICUT

KING, C. J., ALCORN, HOUSE, THIM and RYAN, Js.

Argued October 8—decided November 6, 1969

*Albert L. Coles,* with whom were *David O. Chittick* and, on the brief, *James J. O'Connell* and *Thomas J. Dolan,* for the appellant (plaintiff).

*Clement J. Kichuk,* assistant attorney general, with whom, on the brief, were *Robert K. Killian,* attorney general, and *Jack Rubin,* assistant attorney general, for the appellee (defendant).

RYAN, J. The sole issue raised by the plaintiff's appeal relates to the construction by the court of No. 597 of the Public Acts of 1967, now § 13a-76a of the General Statutes. On March 7, 1961, the defendant highway commissioner, acting in accordance with the provisions of § 13-112 of the General Statutes

(Rev. of 1958) (now § 13a-57), filed in the office of the Bridgeport town clerk, a map showing the portions of the layout of the relocation of the state highway known as routes 25 and 8 in the city of Bridgeport. The plaintiff's property, which was zoned for industry and comprised a number of separate factory buildings, was within the limits of the proposed highway. Commencing in 1961, the plaintiff lost rental income from her properties each year because of vacancies. Income from the property decreased each year until the filing of the certificate of taking by the defendant pursuant to § 13a-73 (b) of the General Statutes on November 17, 1967. From the defendant's assessment of damages the plaintiff appealed to the Superior Court, claiming that the damages assessed for the taking of the plaintiff's premises by the defendant were inadequate; that there was an unreasonable delay between the filing of the map on March 7, 1961, and the filing of the certificate of taking on November 17, 1967; and that in consequence of this delay the plaintiff sustained substantial losses in revenue from rentals of the premises during that period of time. The court increased the assessment of damages for the taking predicated upon the value of the real estate. It concluded in substance (1) that § 13a-76a, which became effective on passage June 21, 1967, was not retrospective in its application; (2) that the period of delay between the filing of the map and the effective date of the statute could not be considered in determining whether there had been unreasonable delay; (3) that the period of less than five months between the effective date of the act and the filing of the certificate of taking did not amount to an unreasonable delay; and (4) that the plaintiff was not entitled to any additional damages predicated on

unreasonable delay by the defendant. From this judgment the plaintiff has appealed.

The plaintiff assigns error in the conclusions of the court recited above. Her basic claim is that § 13a-76a was specifically intended by the General Assembly to apply to any taking by the highway commissioner after June 21, 1967, and to empower a referee to award additional damages for unreasonable delay between the filing of the layout map prior to June 21, 1967, and the filing of the certificate of taking after that date. "It is a cardinal rule of construction that statutes are to be construed so that they carry out the intent of the legislature. This intent is to be ascertained from the language of the statute itself, if the language is plain and unambiguous. *Landry* v. *Personnel Appeal Board,* 138 Conn. 445, 447, 86 A.2d 70." *Hurlbut* v. *Lemelin,* 155 Conn. 68, 73, 230 A.2d 36. Where the legislative intent is clear, there is no room for statutory construction. *State ex rel. Cooley* v. *Kegley,* 143 Conn. 679, 683, 124 A.2d 898; *State ex rel. Rourke* v. *Barbieri,* 139 Conn. 203, 207, 91 A.2d 773. There is a presumption that the legislature, in enacting a law, did so in view of existing relevant statutes and intended it to be read with them so as to make one consistent body of law. *State* v. *Jordan,* 142 Conn. 375, 378, 114 A.2d 694; *Jennings* v. *Connecticut Light & Power Co.,* 140 Conn. 650, 657, 103 A.2d 535.

The provisions of §§ 13-112 and 13-113 of the General Statutes (Rev. of 1958) (now §§ 13a-57 and 13a-58), in effect at the time of the filing of the map by the defendant, concern the layout of proposed highways. Neither these sections nor any other section of the General Statutes contained a provision for a time limit within which the highway commissioner was required to effectuate a taking of the

land. In the absence of a "taking" by the state, there was nothing to prevent the defendant from abandoning the proposed layout contained in the map filed in the office of the town clerk. See *Carl Roessler, Inc.* v. *Ives*, 156 Conn. 131, 239 A.2d 538. In adopting § 13a-76a, the General Assembly was aware of the unfortunate consequences of unreasonable delay between the filing of the map containing the proposed layout of the highway and the filing of the certificate of taking so far as the owners of property located within the limits of the proposed highway were concerned. This awareness is clearly indicated by the language of the statute: "Whenever a referee, in determining the amount of damages for the taking of land under this part, finds that there has been unreasonable delay between the filing of a map under the provisions of section 13a-57 and the filing of a certificate of taking under section 13a-73, he may award such additional damages as he may find resulting therefrom." The act was made effective on passage.

The defendant urges that the statute cannot be applied to the instant case because the action was pending at the time of its adoption. "The passage or repeal of an act will not affect any action then pending." General Statutes § 1-1. The effective date of the statute was June 21, 1967. The certificate of taking was filed by the highway commissioner on November 17, 1967, and the appeal to the Superior Court was commenced November 28, 1967. Obviously, there was no action pending on the effective date of the statute.

The defendant also urges that the statute did not operate retrospectively so as to include a claim for damages which were incurred prior to the effective date of the statute. Section 55-3 of the General Stat-

utes provides as follows: "No provision of the general statutes, not previously contained in the statutes of the state, which imposes any new obligation on any person or corporation, shall be construed to have a retrospective effect." The obligations referred to in the statute are obviously those of substantive law. *Carvette* v. *Marion Power Shovel Co.,* 157 Conn. 92, 97, 249 A.2d 58. The presumption is that statutes affecting substantive rights are intended to operate prospectively, and to furnish a rule for future cases only, unless they contain language unequivocally and certainly embracing past transactions. *Massa* v. *Nastri,* 125 Conn. 144, 146, 3 A.2d 839; *Toletti* v. *Bidizcki,* 118 Conn. 531, 536, 173 A. 223; *Smith* v. *Lyon,* 44 Conn. 175, 178. Legislation which limits or increases statutory liability has generally been held to be substantive in nature. *Lavieri* v. *Ulysses,* 149 Conn. 396, 402, 180 A.2d 632. The statute imposed an obligation on the highway commissioner to which he was not subject prior to its passage and increased his statutory liability for damages. "Retrospective laws generally, if not universally, work injustice. Statutes should be construed retrospectively only when the mandate of the legislature is imperative." *Michaud* v. *Fitzryk,* 148 Conn. 447, 449, 171 A.2d 397. The act is clearly substantive in nature, its language is clear and unambiguous, and it contains nothing to indicate that it was intended to apply retrospectively so as to include a claim for damages which were incurred prior to the effective date of the statute, or to allow the referee to consider any delay prior to June 21, 1967, in determining the reasonableness of the delay.[1]

---

[1] The 1969 session of the General Assembly passed a bill, referred to as Public Act No. 351, amending § 13a-76a to make it retrospective in its operation. This bill was vetoed by the Governor on July 8, 1969.

The remaining assignments of error were abandoned by the plaintiff in her brief. The conclusion of the trial court that the provisions of § 13a-76a were not applicable to increase the award made in the instant case was correct.

There is no error.

In this opinion the other judges concurred.