******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

DONITA J. KING, EXECUTRIX (ESTATE OF
DANIEL H. KING), ET AL. *v.* VOLVO
EXCAVATORS AB, ET AL.
(SC 20097)

Robinson, C. J., and Palmer, McDonald, D'Auria,
Mullins, Kahn and Ecker, Js.

*Syllabus*

The plaintiff, individually and on behalf of the estate of K, sought to recover
damages pursuant to the Connecticut Product Liability Act (§ 52-572m
et seq.) in connection with a fatal workplace accident. The plaintiff
alleged that K had sustained fatal injuries when the bucket of an excava-
tor became dislodged and fell on him while he was acting within the
scope of his employment. The defendants, the designer and manufac-
turer, the distributor, and a prior owner of the excavator, filed motions
for summary judgment, claiming, inter alia, that the plaintiff's claims
against them were barred by the act's ten year statute of repose (§ 52-
577a [a]). While those motions were pending, the legislature passed an
amendment to § 52-577a (P.A. 17-97) removing certain statutory language
that previously had prevented employees entitled to workers' compensa-
tion from invoking an exception to the ten year statute of repose set forth
in § 52-577a (a) for product liability claims. Following that amendment,
employees, like other claimants, could avoid the ten year statute of
repose by demonstrating that the harm occurred during the useful safe
life of the product. In granting the defendants' motions for summary
judgment, the trial court concluded that P.A. 17-97 was not retroactive
and that the plaintiff's action was barred by the preamendment version
of § 52-577a because there was no genuine issue of material fact as to
whether the defendants had possession of or control over the excavator
or the part that attached the bucket thereto in the ten years prior to
the plaintiff's commencement of the present action. The trial court
rendered judgment in favor of the defendants, and the plaintiff appealed.
*Held* that the trial court improperly granted the defendants' motions for
summary judgment, this court having concluded that P.A. 17-97 applied
retroactively: although the plaintiff was initially unable to raise the issue
of retroactivity in opposing summary judgment because P.A. 17-97 was
passed after the parties filed their briefs in connection with their
motions, that issue was reviewable because it was explicitly addressed
by the trial court and was fully briefed on appeal; moreover, the ten
year statute of repose set forth in § 52-577a (a) is procedural in nature,
as previous decisions of this court have made clear that the act was
intended to merely recast common-law rights, and the legislature's
amendment to § 52-577a applicable to employees was therefore retroac-
tive in light of the absence of any express legislative intent to the
contrary; furthermore, because the trial court did not consider whether
the defendants had met their burden of establishing the absence of any
genuine issue of material fact with respect to whether the harm to K
occurred within the useful safe life of the product, this court reversed
the judgment in favor of the defendants and remanded the case for
further proceedings.

Argued December 11, 2018—officially released October 1, 2019

*Procedural History*

Action to recover damages for, inter alia, personal
injuries resulting from an allegedly defective product,
and for other relief, brought to the Superior Court in
the judicial district of New London, where the court,
*Cole-Chu, J.*, granted the defendants' motions for sum-
mary judgment and rendered judgment thereon, from
which the plaintiffs appealed. *Reversed in part*; *fur-
ther proceedings*.

*Ralph J. Monaco*, with whom, on the brief, was *Eric J. Garofano*, for the appellants (plaintiffs).

*Francis H. LoCoco*, pro hac vice, with whom, on the brief, was *Mark J. Claflin*, for the appellees (defendants).

*Opinion*

MULLINS, J. The plaintiff, Donita J. King, individually and as executrix of the estate of Daniel H. King (decedent), appeals from the judgment of the trial court in favor of the defendants Volvo Group North America, LLC (VGNA), Volvo Construction Equipment North America, LLC (VCENA), and Tyler Equipment Corporation (Tyler Equipment),[1] on claims arising from a workplace accident in which the bucket of an excavator became dislodged and fell on the decedent, causing fatal injuries. On appeal, the plaintiff asserts that the trial court improperly granted the defendants' motions for summary judgment. The plaintiff's primary claim on appeal is that the statute of repose applied to her product liability claims, General Statutes (Rev. to 2015) § 52-577a, is unconstitutional because it creates two classes of claimants—employees who are subject to a ten year statute of repose and nonemployees who are not subject to the ten year statute of repose if the claimant can show that the product was within its useful safe life when the injury occurred. While the defendants' motions for summary judgment were pending before the trial court, the legislature enacted Number 17-97 of the 2017 Public Acts (P.A. 17-97), which combined those two classes of claimants by removing the limitations provision applicable to employees. In its decision on the motions for summary judgment, the trial court concluded that P.A. 17-97 was not retroactive and applied the statute of repose applicable to employees to bar the plaintiff's claims.

We conclude that the trial court improperly rendered judgment in favor of the defendants because the amendment to the statute of repose in P.A. 17-97 retroactively applied to the plaintiff's claims. As a result, we need not address the plaintiff's claim on appeal that General Statutes (Rev. to 2015) § 52-577a is unconstitutional. Instead, we conclude that the trial court must consider whether there is a genuine issue of material fact as to whether the injury occurred during the useful safe life of the product.[2]

The following facts and procedural history are relevant to this appeal. The decedent was an employee of King Construction, Inc. (King Construction). On May 30, 2014, the decedent was installing a public water main at a construction site in Windsor. The decedent's coworker was operating a Volvo model EC340 excavator (excavator), and the decedent was in a trench helping to fill sand on top of a recently installed pipe. As the operator attempted to dump the sand over the water main pipe, the bucket detached from a "quick fit" attachment on the excavator and fell on the decedent, resulting in fatal injuries.

The excavator was designed and manufactured in 1997 and distributed by VCENA in December, 1997.

VCENA originally distributed the excavator to L.B. Smith, Inc. Eventually, Tyler Equipment acquired the excavator. Thereafter, on June 25, 1999, Tyler Equipment sold the excavator to King Construction. On August 17, 1999, while the excavator was still in the possession of Tyler Equipment, Bruce Tuper, a service employee at Tyler Equipment, installed a hydraulic quick fit attachment on the excavator's arm. On September 22, 1999, Tyler Equipment delivered the excavator to King Construction.

On November 19, 1999, King Construction enrolled the excavator in Volvo's component assurance program. The component assurance program is an extended warranty, which covers certain aspects of the machine, including the quick fit attachment. The extended warranty period expired after either twenty-four months or 4000 hours, whichever occurred earlier. Therefore, the extended warranty expired no later than November 19, 2001. Under the terms of the extended warranty, Tyler Equipment performed all warranty repair work. Tyler Equipment performed the last repair work under the extended warranty on May 11, 2001, during which time it serviced the power controls and gearbox. The excavator was not repaired by VGNA or VCENA at any point in time.

On September 4, 2015, the plaintiff filed the present action against the defendants. Specifically, in count one of the operative complaint,[3] the plaintiff alleged that the Volvo defendants are "liable and legally responsible for the injuries and damages to the plaintiff and the death [of] the decedent by virtue of [the Connecticut Product Liability Act (act), General Statutes] § 52-572m et seq. . . ." In count two, the plaintiff alleged that Tyler Equipment is "liable and legally responsible for the injuries and damages to the plaintiff and the death [of] the decedent by virtue of [the act] . . . ." In counts three and four, the plaintiff further alleged that the defendants' actions caused her to suffer a loss of spousal consortium. After discovery, the defendants filed motions for summary judgment, and the plaintiff filed objections.[4]

As grounds for its motion for summary judgment, the Volvo defendants asserted that the plaintiff's claims under the act were barred by the applicable statute of repose. Specifically, the Volvo defendants asserted that General Statutes (Rev. to 2015) § 52-577a[5] provides that no product liability action may be brought against any party later than ten years from the date that the party last parted with possession or control of the product. In ruling on that motion, the trial court concluded that there was no genuine issue of material fact as to whether VGNA ever had possession or control of the excavator or quick fit attachment. The trial court further concluded that there was no genuine issue of material fact as to whether VCENA possessed or controlled the excavator or quick fit attachment after the expiration

of the extended warranty in November, 2001. Because the plaintiff's action was commenced in 2015, the trial court determined that the claims against the Volvo defendants were time barred and granted their motion for summary judgment.

Tyler Equipment filed a motion for summary judgment on the ground that the plaintiff's claims were barred by the act's statute of repose.[6] In ruling on that motion, the trial court concluded that there was no genuine issue of material fact as to whether Tyler Equipment had possession or control of the excavator or quick fit attachment after the expiration of the extended warranty in November, 2001. In reaching that conclusion, the trial court found that any repairs performed by Tyler Equipment on the excavator after that date were performed at the request of King Construction and were not part of a recall, warranty program, or servicing contract. The trial court determined that the claims against Tyler Equipment were therefore also time barred and, accordingly, granted its motion for summary judgment.

While the defendants' motions for summary judgment were pending, the legislature amended the act's statute of repose by passing P.A. 17-97, which became effective October 1, 2017. Prior to that amendment, General Statutes (Rev. to 2015) § 52-577a (c) provided in relevant part: "The ten-year limitation provided for in subsection (a) of this section shall not apply to any product liability claim brought by a claimant who *is not entitled to* [*workers'*] *compensation under chapter 568, provided the claimant* can prove that the harm occurred during the useful safe life of the product. . . ." (Emphasis added.) By enacting P.A. 17-97, the legislature removed the phrase "is not entitled to compensation under chapter 568, provided the claimant" from that statutory provision. In doing so, P.A. 17-97 allowed employees to bring claims under the act beyond the ten year limitation period if they could prove that the injury occurred during the useful safe life of the product.

In ruling on the motions for summary judgment in the present case, the trial court recognized that P.A. 17-97 had been signed into law and became effective on October 1, 2017. The trial court, however, determined that this amendment to the act's statute of repose was not retroactively applicable to the plaintiff's claims. Specifically, the trial court concluded that "the act provides neither that [P.A. 17-97] is retroactive nor any basis on which the court could conclude that [it] was intended to be so." (Footnote omitted.) This appeal followed.[7]

"The standard of review of a trial court's decision granting summary judgment is well established. Practice Book § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine

issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . Our review of the trial court's decision to grant the defendant's motion for summary judgment is plenary. . . . On appeal, we must determine whether the legal conclusions reached by the trial court are legally and logically correct and whether they find support in the facts set out in the memorandum of decision of the trial court." (Citations omitted; internal quotation marks omitted.) *Lucenti* v. *Laviero*, 327 Conn. 764, 772–73, 176 A.3d 1 (2018).

As a threshold issue, we first address the defendants' assertion that we should not address the plaintiff's claim that P.A. 17-97 applies to the present case because the plaintiff did not raise this claim before the trial court. We disagree.

First, because the defendants' motions for summary judgment were filed before P.A. 17-97 was passed, the plaintiff did not initially have the opportunity to assert that P.A. 17-97 applied retroactively. Nevertheless, the plaintiff did make the trial court aware of P.A. 17-97 before the court ruled on the defendants' motions for summary judgment by pointing to that legislation in support of her constitutional claim.

Second, it is well established that a claim addressed by the trial court, even if not raised by the parties, is appropriate for review on appeal. See, e.g., *DeSena* v. *Waterbury*, 249 Conn. 63, 72 n.10, 731 A.2d 733 (1999) (reviewing claim not distinctly raised by parties but addressed by trial court). In the present case, the trial court expressly decided that P.A. 17-97 does not apply retroactively to the plaintiff's claims.

Third, the defendants had the opportunity to brief this issue and, in fact, did brief this issue on appeal. Accordingly, we conclude that, because this appeal requires us to apply the act's statute of repose, we must decide whether P.A. 17-97 applies retroactively to the plaintiff's claims.

"In considering the question of whether a statute may be applied retroactively, we are governed by certain well settled principles, [pursuant to] which our ultimate focus is the intent of the legislature in enacting the statute. . . . [O]ur point of departure is General Statutes § 55-3, which [provides]: No provision of the general statutes, not previously contained in the statutes of the state, which imposes any new obligation on any person or corporation, shall be construed to have retrospective effect. . . . [W]e have uniformly interpreted § 55-3 as a rule of presumed legislative intent that statutes affecting substantive rights shall apply prospectively only. . . . The rule is rooted in the notion that it would be unfair to impose a substantive amendment that changes the grounds upon which an action may be maintained on parties who have already transacted

or who are already committed to litigation. . . . In civil cases, however, unless considerations of good sense and justice dictate otherwise, it is presumed that procedural statutes will be applied retrospectively. . . . While there is no precise definition of either [substantive or procedural law], it is generally agreed that a substantive law creates, defines and regulates rights while a procedural law prescribes the methods of enforcing such rights or obtaining redress. . . . Procedural statutes . . . therefore leave the preexisting scheme intact. . . . [We presume] that procedural or remedial statutes are intended to apply retroactively absent a clear expression of legislative intent to the contrary . . . ." (Citations omitted; internal quotation marks omitted.) *Investment Associates* v. *Summit Associates, Inc.*, 309 Conn. 840, 867–68, 74 A.3d 1192 (2013); see also *D'Eramo* v. *Smith*, 273 Conn. 610, 620–21, 872 A.2d 408 (2005).

"A statute of limitations is generally considered to be procedural, especially where the statute contains only a limitation as to time with respect to a right of action and does not itself create the right of action. . . . Where the limitation is deemed procedural and personal it is subject to being waived unless it is specifically pleaded because the limitation is considered merely to act as a bar to a remedy otherwise available. . . . Where, however, a specific time limitation is contained within a statute that creates a right of action that did not exist at common law, then the remedy exists only during the prescribed period and not thereafter. . . . The courts of Connecticut have repeatedly held that, under such circumstances, the time limitation is a substantive and jurisdictional prerequisite . . . ." (Internal quotation marks omitted.) *Neighborhood Assn., Inc.* v. *Limberger*, 321 Conn. 29, 46–47, 136 A.3d 581 (2016); see also *Ecker* v. *West Hartford*, 205 Conn. 219, 231–32, 530 A.2d 1056 (1987).[8] The same rules govern a statute of repose. See *State* v. *Lombardo Bros. Mason Contractors*, 307 Conn. 412, 443, 54 A.3d 1005 (2012) ("in this state, 'the characterization of a statute of repose as procedural or as substantive is governed by the same test that applies to statutes of limitation[s]' "), quoting *Baxter* v. *Sturm, Ruger & Co.*, 230 Conn. 335, 342, 644 A.2d 1297 (1994).

Therefore, in order to determine whether the statute of repose contained within the act is substantive or procedural in nature, we must determine whether the act "creates a right of action that did not exist at common law . . . ." *Neighborhood Assn., Inc.* v. *Limberger*, supra, 321 Conn. 46–47; cf. *Reclaimant Corp.* v. *Deutsch*, 332 Conn. 590, 604–605, 211 A.3d 976 (2019) (concluding that whether statute of limitations or statute of repose is substantive or procedural for choice of law purposes depends on whether the right existed at common law, regardless of whether limitation period was incorporated into statutory language). This court

previously has explained that "the legislative history of the act [reveals] that the legislature was merely recasting an existing cause of action and was not creating a wholly new right for claimants harmed by a product. The intent of the legislature was to eliminate the complex pleading provided at common law: breach of warranty, strict liability and negligence." *Lynn* v. *Haybuster Mfg., Inc.*, 226 Conn. 282, 292, 627 A.2d 1288 (1993); see also *Izzarelli* v. *R.J. Reynolds Tobacco Co.*, 321 Conn. 172, 187, 136 A.3d 1232 (2016) (recognizing that act does not prescribe substantive elements of cause of action); *Gerrity* v. *R.J. Reynolds Tobacco Co.*, 263 Conn. 120, 127, 818 A.2d 769 (2003) ("[t]hese definitions must be read together, with the understanding that the . . . act was designed in part to codify the common law of product liability"). On the basis of the foregoing, we conclude that the statute of repose contained within General Statutes § 52-577a is procedural in nature.

"[L]egislation that affects only matters of procedure is presumed to [be] applicable to all actions, whether pending or not, in the absence of any expressed intention to the contrary." (Internal quotation marks omitted.) *Roberts* v. *Caton*, 224 Conn. 483, 488, 619 A.2d 844 (1993); see also, e.g., *Serrano* v. *Aetna Ins. Co.*, 233 Conn. 437, 443–45, 664 A.2d 279 (1995) (concluding that when statutory time limitation is amended after action is filed, time limitation in effect prior to entry of final judgment governs).

Therefore, we must examine the text of P.A. 17-97 to determine whether it contains any expressed intention that it not be applied retroactively. Public Act 17-97, § 1, made the following changes to § 52-577a (c), with the deleted language in brackets: "Subsection (c) of section 52-577a of the general statutes is repealed and the following is substituted in lieu thereof (Effective October 1, 2017): (c) The ten-year limitation provided for in subsection (a) of this section shall not apply to any product liability claim brought by a claimant who [is not entitled to compensation under chapter 568, provided the claimant] can prove that the harm occurred during the useful safe life of the product. . . ." There is no express language in P.A. 17-97 to indicate that the legislature did not intend the amendment to apply retroactively. Although P.A. 17-97 was assigned an effective date of October 1, 2017, as this court previously has explained that, "[b]ecause all public acts not specifying an effective date automatically are assigned to take effect on the first day of October following the session of the General Assembly at which they are passed . . . we never have ascribed particular significance to such dates in ascertaining the legislature's intent." (Internal quotation marks omitted.) *Investment Associates* v. *Summit Associates, Inc.*, supra, 309 Conn. 867.

The necessity of an unambiguous expression of an

intent not to apply the presumption of retroactive effect to the amended statute of repose is underscored by other language in § 52-577a. Section 52-577a (g) provides that "[t]he provisions of this section shall apply to all product liability claims brought on or after October 1, 1979." When the legislature amended subsection (c) of that statute to remove the exclusive time impediment imposed only on employees entitled to workers' compensation, we presume it was aware of subsection (g) but chose not to amend it. "Our case law is clear . . . that when the legislature chooses to act, it is presumed to know how to draft legislation consistent with its intent and to know of all other existing statutes and the effect that its action or nonaction will have upon any one of them." (Internal quotation marks omitted.) *McCoy* v. *Commissioner of Public Safety*, 300 Conn. 144, 155, 12 A.3d 948 (2011). Accordingly, we presume that the legislature knew that its amendment to § 52-577a (c), when read in conjunction with § 52-577a (g), would apply to "all product liability claims brought on or after October 1, 1979," insofar as no final judgment has been rendered.

Because the trial court concluded that P.A. 17-97 did not apply retroactively, it did not consider whether the defendants had met their burden of establishing that there was no genuine issue of material fact as to whether the harm occurred during the useful safe life of the product so as to avoid the ten year limitation period. General Statutes § 52-577a (c). Therefore, we conclude that the trial court improperly granted summary judgment in favor of the defendants in the present case.

The judgment is reversed insofar as the motions for summary judgment filed by VGNA, VCENA, and Tyler Equipment were granted, and the case is remanded for further proceedings consistent with this opinion.

In this opinion the other justices concurred.

[1] We note that the named defendant, Volvo Excavators AB, did not appear in the proceedings before the trial court and is not participating in this appeal. We also note that an employee of Tyler Equipment, Bruce Tuper, was also named as a defendant in the present action. See footnotes 4 and 6 of this opinion. For the sake of simplicity, we refer to VGNA and VCENA as the Volvo defendants, and to VGNA, VCENA, and Tyler Equipment, collectively, as the defendants.

[2] On appeal, the plaintiff also asserts that the trial court improperly granted the defendants' motions for summary judgment because (1) the disparate treatment between employees and nonemployees in the Connecticut Product Liability Act (act), General Statutes (Rev. to 2015) § 52-572m et seq., violates the equal protection clauses of the state and federal constitutions, (2) there is a genuine issue of material fact regarding whether the defendants had possession or control over the excavator after the sale to the decedent's employer, (3) there is a genuine issue of material fact regarding the defendants' duty to repair and/or warn of a known danger, and (4) the claims against Tyler Equipment for postsale negligence are common-law negligence claims that are not barred by the act's statute of repose. Because we conclude that the trial court improperly failed to retroactively apply P.A. 17-97 to the plaintiff's claims and remand the case for further proceedings, we need not address these claims on appeal.

[3] We note that the operative complaint in the present case was filed on March 30, 2017.

[4] The Volvo defendants filed one motion for summary judgment. Tyler Equipment and Tuper filed separate motions for summary judgment.

[5] General Statutes (Rev. to 2015) § 52-577a provides: "(a) No product liability claim, as defined in section 52-572m, shall be brought but within three years from the date when the injury, death or property damage is first sustained or discovered or in the exercise of reasonable care should have been discovered, except that, subject to the provisions of subsections (c), (d) and (e) of this section, no such action may be brought against any party nor may any party be impleaded pursuant to subsection (b) of this section later than ten years from the date that the party last parted with possession or control of the product. . . .

"(c) The ten-year limitation provided for in subsection (a) of this section shall not apply to any product liability claim brought by a claimant who is not entitled to compensation under chapter 568, provided the claimant can prove that the harm occurred during the useful safe life of the product. In determining whether a product's useful safe life has expired, the trier of fact may consider among other factors: (1) The effect on the product of wear and tear or deterioration from natural causes; (2) the effect of climatic and other local conditions in which the product was used; (3) the policy of the user and similar users as to repairs, renewals and replacements; (4) representations, instructions and warnings made by the product seller about the useful safe life of the product; and (5) any modification or alteration of the product by a user or third party.

"(d) The ten-year limitation provided for in subsection (a) of this section shall be extended pursuant to the terms of any express written warranty that the product can be used for a period longer than ten years, and shall not preclude any action against a product seller who intentionally misrepresents a product or fraudulently conceals information about it, provided the misrepresentation or fraudulent concealment was the proximate cause of harm of the claimant.

"(e) The ten-year limitation provided for in subsection (a) of this section shall not apply to any product liability claim, whenever brought, involving injury, death or property damage caused by contact with or exposure to asbestos, except that (1) no such action for personal injury or death may be brought by the claimant later than eighty years from the date that the claimant last had contact with or exposure to asbestos, and (2) no such action for damage to property may be brought by the claimant later than thirty years from the date of last contact with or exposure to asbestos.

"(f) The definitions contained in section 52-572m shall apply to this section.

"(g) The provisions of this section shall apply to all product liability claims brought on or after October 1, 1979."

[6] Tuper also filed a motion for summary judgment on the ground that the plaintiff's claims against him were barred because the act applies only to claims against a "product seller" and he was not a product seller under the act. The trial court granted Tuper's motion for summary judgment on the ground that Tuper had established he was not a "product seller" for purposes of the act. In this appeal, the plaintiff does not challenge the trial court's judgment that Tuper was entitled to judgment in his favor on his claim under the act. To the extent that the plaintiff asserts that the trial court improperly granted summary judgment in favor of Tuper because the plaintiff also raised an independent, common-law negligence claim against Tuper, we disagree. In her complaint, the plaintiff alleged that "[t]he defendants are liable and legally responsible for the injuries and damages to the plaintiff and the death to the decedent by virtue of [the act]." On the basis of the foregoing, we conclude that the plaintiff in the present case limited her claims against Tuper to statutory grounds. See *Daily* v. *New Britain Machine Co.*, 200 Conn. 562, 570–71, 512 A.2d 893 (1986) (The court concluded that a complaint alleging that defendant was "liable and legally responsible to the plaintiff . . . by virtue of . . . General Statutes [§§] 52-572m through 52-572r" was limited to statutory violations because "to attempt to read into this complaint [common-law] claims is to stretch the imagination. The court cannot read into a complaint claims other than those specifically set forth." [Emphasis omitted; internal quotation marks omitted.]).

[7] The plaintiff appealed from the judgment of the trial court to the Appellate Court, and we transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1.

[8] Indeed, the United States Supreme Court has explained: "*Campbell* v. *Holt*, [115 U.S. 620, 628, 6 S. Ct. 209, 29 L. Ed. 483 (1885)], held that where lapse of time has not invested a party with title to real or personal property, a state legislature, consistently with the [f]ourteenth [a]mendment [to the

United States constitution], may repeal or extend a statute of limitations, even after right of action is barred thereby, restore to the plaintiff his remedy, and divest the defendant of the statutory bar." *Chase Securities Corp.* v. *Donaldson*, 325 U.S. 304, 311–12, 65 S. Ct. 1137, 89 L. Ed. 1628 (1945).

---