******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

ROCHDI MAGHFOUR *v.* CITY OF WATERBURY
(SC 20502)

Robinson, C. J., and McDonald, D'Auria, Mullins,
Kahn, Ecker and Keller, Js.

*Syllabus*

The plaintiff, an employee of the defendant city, sought to resolve a dispute concerning a lien the city placed on certain settlement proceeds that he had received as a result of a motor vehicle accident that occurred in 2016. At all relevant times, the city was self-insured and paid for the medical care that the plaintiff received in connection with the accident. In July, 2017, the legislature passed an amendment (P.A. 17-165, § 1) to a statute (§ 7-464) concerning group insurance benefits for municipal employees that allowed a self-insured city that provides health benefits for its employees to file a lien on the portion of any settlement proceeds that represents payment for medical expenses incurred by a city employee when such expenses result from the negligence or recklessness of a third party. Later in July, 2017, the plaintiff filed an action against the third-party tortfeasor who had caused the plaintiff to sustain injuries in the accident. Thereafter, on October 1, 2017, P.A. 17-165, § 1, became effective. In October, 2018, the city filed a notice of lien, claiming a right to reimbursement for amounts that it had paid for the plaintiff's medical expenses from any judgment or settlement the plaintiff might receive arising from the accident. Approximately one week later, the plaintiff settled his civil action against the third-party tortfeasor. The plaintiff then brought the present action, claiming that P.A. 17-165, § 1, did not authorize the lien filed by the city because the plaintiff's injuries occurred and his action against the third-party tortfeasor was commenced before the effective date of P.A. 17-165, § 1. The trial court granted the plaintiff's motion for summary judgment and rendered judgment thereon, concluding, inter alia, that the legislature did not expressly indicate that it intended for P.A. 17-165, § 1, to apply retroactively to pending actions and, therefore, that the statute (§ 55-3) precluding a new law that imposes any new obligation from being construed to have retroactive effect barred the city's lien. On the city's appeal from the trial court's judgment, *held* that the trial court properly granted the plaintiff's motion for summary judgment, as that court correctly determined that the city's lien stemmed from an improper, retroactive application of P.A. 17-165, § 1: the legislature did not explicitly provide that P.A. 17-165, § 1, should apply retroactively, and, because that public act created a new right for a self-insured municipality to assert a lien to recover medical expenses that it has paid and eliminated the right of a municipal employee to retain sums that he or she recovers from a third-party tortfeasor if those sums represent medical expenses paid by the municipality, P.A. 17-165, § 1, was substantive, and, pursuant to § 55-3, could operate prospectively only; moreover, there was no merit to the city's claim that allowing it to place a lien on the plaintiff's settlement proceeds would not effect a retroactive application of P.A. 17-165, § 1, in view of the fact that the plaintiff settled his action against the third-party tortfeasor after the effective date of that public act, as the settlement was not independent of the motor vehicle accident that ultimately led to the settlement and that occurred prior to the public act's effective date.

Argued December 8, 2020—officially released August 3, 2021*

*Procedural History*

Action for interpleader to resolve a dispute concerning a lien claimed by the defendant on certain settlement proceeds, brought to the Superior Court in the judicial district of Waterbury, where the court, *Roraback, J.*, granted the plaintiff's motion for summary judgment, denied the defendant's motion for summary judgment,

and rendered judgment for the plaintiff, from which the defendant appealed. *Affirmed.*

*Daniel J. Foster,* corporation counsel, for the appellant (defendant).

*Jonathan H. Dodd,* for the appellee (plaintiff).

MULLINS, J. The defendant, the city of Waterbury (city), appeals from the judgment of the trial court rendered in favor of the plaintiff, Rochdi Maghfour. On appeal, the city contends that the trial court improperly granted the plaintiff's motion for summary judgment because it erroneously concluded that General Statutes § 7-464, as amended by § 1 of No. 17-165 of the 2017 Public Acts (P.A. 17-165), did not authorize the city's lien in this case. We disagree and, accordingly, affirm the judgment of the trial court.

The following undisputed facts, as found by the trial court and contained in the record, and procedural history are relevant to our disposition of this appeal. On June 20, 2016, the plaintiff was injured in a motor vehicle accident. He was an employee of the city, which is a self-insured municipality. Therefore, the city paid for medical care resulting from his injuries.

On July 14, 2017, the plaintiff initiated an action against the third-party tortfeasor who had caused his injuries in the motor vehicle accident. Earlier that month, the legislature had enacted P.A. 17-165, § 1, which amended § 7-464 by adding subsections (c) and (d).[1] See P.A. 17-165, § 1; 60 S. Proc., Pt. 8, 2017 Sess., pp. 3076–77, 3101–3102; 60 H.R. Proc., Pt. 13, 2017 Sess., pp. 5329–35. The new subsections allow a self-insured city, town, or borough to file a lien on the portions of judgments or settlements that represent payment for medical expenses incurred by its employees when such expenses result from the negligence or recklessness of a third party. See P.A. 17-165, § 1. Public Act 17-165, § 1, had an effective date of October 1, 2017.

After the effective date of P.A. 17-165, § 1, the city filed a notice of lien dated October 15, 2018, with the plaintiff's attorney. In that notice, the city claimed a right to reimbursement of medical expenses for which it had paid from any judgment or settlement the plaintiff might receive arising from his June 20, 2016 motor vehicle accident. Thereafter, on October 23, 2018, the plaintiff settled his civil action against the third-party tortfeasor.

Following the settlement, the plaintiff and the city could not reach an agreement to resolve the issue of whether the city was entitled to a lien on the settlement for the amount of the medical expenses it had paid. Consequently, the plaintiff initiated the present action in the trial court contesting the validity of the city's lien on the proceeds of his settlement.[2] In his petition, the plaintiff claimed that § 7-464, as amended by P.A. 17-165, § 1, did not authorize the lien filed by the city because the plaintiff's injury occurred and his action against the third-party tortfeasor was commenced before the effective date of the act.

Each party filed a motion for summary judgment. The

trial court granted the plaintiff's motion for summary judgment and denied the city's motion for summary judgment. In doing so, the trial court concluded that the legislature did not expressly indicate that it intended for P.A. 17-165, § 1, to apply retroactively to pending actions and, therefore, that General Statutes §§ 1-1 (u)[3] and 55-3[4] barred the lien from affecting pending litigation and from applying retroactively. This appeal followed.[5]

On appeal, the city asserts that the trial court improperly granted the plaintiff's motion for summary judgment because the plain language and legislative intent of § 7-464, as amended by P.A. 17-165, § 1, indicate that the city's lien would apply to the proceeds of the plaintiff's settlement reached after the act's effective date. The city contends that, because the plaintiff reached his settlement after the effective date of P.A. 17-165, § 1, and the plain language of the statute applies to settlements, its lien under the act would not operate retroactively in the present case. According to the city's reasoning, P.A. 17-165, § 1, simply applies to any settlements reached after the effective date of the act. The plaintiff responds that the trial court correctly determined that the city was not authorized to file a lien on the proceeds of his settlement in this matter because § 55-3 bars P.A. 17-165, § 1, from applying retroactively and § 1-1 (u) prevents it from applying to existing litigation.

We begin by setting forth the standard of review governing this appeal. "The scope of our review of the trial court's decision to grant the [plaintiff's] motion for summary judgment is plenary." *Shoreline Shellfish, LLC* v. *Branford*, 336 Conn. 403, 410, 246 A.3d 470 (2020). "To the extent that the trial court's decision . . . requires us to construe a [statute], our review is also plenary and is guided by our well established legal principles regarding statutory construction. . . . In construing statutes, General Statutes § 1-2z directs us first to consider the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered." (Citations omitted; internal quotation marks omitted.) Id., 410–11.

Both the plaintiff and the city agree that their competing motions for summary judgment gave rise to no genuine issue as to any material fact. Thus, the issue of whether the trial court properly granted the plaintiff's motion for summary judgment turns solely on a point of statutory interpretation, namely, whether, as a matter of law, § 7-464, as amended by P.A. 17-165, § 1, authorizes the city to file a lien on the plaintiff's settlement from his civil action against the third-party tortfeasor.

As instructed by § 1-2z, we begin our analysis with the text of § 7-464 (c), which provides in relevant part that "[a] self-insured town, city or borough that provides group health benefits for its employees has a lien on that part of a judgment or settlement that represents payment for economic loss for medical, hospital and prescription expenses incurred by its employees and their covered dependents and family members when such expenses result from the negligence or recklessness of a third party. . . ." As we noted previously, P.A. 17-165, § 1, provided that the amendment to § 7-464 became effective on October 1, 2017. The legislature, however, did not expressly indicate whether it intended the amendment to apply retroactively to events that occurred before its effective date, such as the plaintiff's motor vehicle accident. Therefore, the plain language of the statute does not answer the question on appeal, and we must examine the relationship of § 7-464 (c) with our law governing the retroactivity of statutes.

"In considering the question of whether a statute may be applied retroactively, we are governed by certain well settled principles, [pursuant to] which our ultimate focus is the intent of the legislature in enacting the statute. . . . [O]ur point of departure is . . . § 55-3 . . . ." (Internal quotation marks omitted.) *King* v. *Volvo Excavators AB*, 333 Conn. 283, 292, 215 A.3d 149 (2019). Section 55-3 provides: "No provision of the general statutes, not previously contained in the statutes of the state, which imposes any new obligation on any person or corporation, shall be construed to have a retrospective effect." "[W]e have uniformly interpreted § 55-3 as a rule of presumed legislative intent that statutes affecting substantive rights shall apply prospectively only. . . . In civil cases, however, unless considerations of good sense and justice dictate otherwise, it is presumed that procedural statutes will be applied retrospectively. . . . [Although] there is no precise definition of either [substantive or procedural law], it is generally agreed that a substantive law creates, defines and regulates rights while a procedural law prescribes the methods of enforcing such rights or obtaining redress. . . . Procedural statutes . . . therefore leave the preexisting scheme intact."[6] (Internal quotation marks omitted.) *King* v. *Volvo Excavators AB*, supra, 292.

Because the legislature did not expressly provide that P.A. 17-165, § 1, should apply retroactively, the presumption stands that, if § 7-464, as amended by the act, affects *substantive rights*, then it shall apply prospectively only. See id. Here, then, we must determine whether § 7-464, as amended by P.A. 17-165, § 1, affects a substantive or procedural right in order to answer the question of whether the city is entitled to the lien in this case.

Prior to the passage of P.A. 17-165, § 1, a self-insured municipality did not have the express right to assert a

lien to recover medical expenses paid as benefits from the proceeds of an employee's litigation against third-party tortfeasors.[7] See, e.g., P.A. 17-165, § 1; see also, e.g., Conn. Joint Standing Committee Hearings, Planning and Development, Pt. 1, 2017 Sess., p. 247, remarks of Representative Stephanie E. Cummings (state representative who previously spoke with city's leadership acknowledged during her testimony in support for passage of house bill that became P.A. 17-165, § 1, that, as self-insured municipality, city lacked right under Connecticut law to recover collateral source benefits). After P.A. 17-165, § 1, went into effect, however, a self-insured municipality had the right to assert a lien to recover medical expenses it had paid. See General Statutes § 7-464 (c) and (d).

The statutory change thus confers a new right on a self-insured municipality, such as the city. Correspondingly, the statute, as amended, simultaneously eliminates the right of plaintiffs, held prior to the enactment of P.A. 17-165, § 1, to retain sums they recover from negligent or reckless third-party tortfeasors who have harmed them if those sums represent medical expenses paid by the municipality. Thus, because P.A. 17-165, § 1, created a new right for self-insured municipalities and limited the rights of their employees, we conclude that § 7-464, as amended by the act, is substantive. See, e.g., *Koskoff, Koskoff & Bieder* v. *Allstate Ins. Co.*, 187 Conn. 451, 455–57, 446 A.2d 818 (1982) (holding that amendment affecting insurance company's lien recovery amount was substantive rather than procedural); see also, e.g., *Little* v. *Ives*, 158 Conn. 452, 457, 262 A.2d 174 (1969) ("[l]egislation which limits or increases statutory liability has generally been held to be substantive in nature").[8] The statute therefore must operate prospectively only.

The city asserts that allowing it to file a lien on the plaintiff's settlement proceeds in the present case would not present a retroactive application of the statute. Specifically, the city asserts that, because the plaintiff settled his action against the third-party tortfeasor on October 23, 2018, after the effective date of P.A. 17-165, § 1—which was October 1, 2017—upholding its lien does not require a retroactive application of the act. We disagree.

As this court has previously concluded, "a statute does not operate retrospectively merely because it is applied in a case arising from conduct antedating the statute's enactment . . . or upsets expectations based in prior law. *Rather, the court must ask whether the new provision attaches new legal consequences to events completed before its enactment.*" (Emphasis in original; internal quotation marks omitted.) *Shannon* v. *Commissioner of Housing*, 322 Conn. 191, 204, 140 A.3d 903 (2016). In other words, "a law has retroactive effect when it would impair rights a party possessed when he

acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed." (Internal quotation marks omitted.) Id., 205–206. This court further cautioned that "[t]he conclusion that a particular rule operates retroactively comes at the end of a process of judgment concerning the nature and extent of the change in the law and the degree of connection between the operation of the new rule and a relevant past event." (Internal quotation marks omitted.) Id., 204. Moreover, this court noted that "[a]ny test of retroactivity will leave room for disagreement in hard cases, and is unlikely to classify the enormous variety of legal changes with perfect philosophical clarity." (Internal quotation marks omitted.) Id.

We conclude that allowing the city to pursue statutory lien rights in the present case would result in an improper, retroactive application of P.A. 17-165, § 1, because it would attach new legal consequences to events completed before the act's effective date. Those events are the legal rights to which the plaintiff became entitled as a result of personal injuries sustained by him on June 20, 2016, the date of the motor vehicle accident. The act impaired the right of the plaintiff to obtain compensation for personal injuries caused by the tortfeasor's negligence on certain conditions, one of those being that any such recovery would be free and clear of any claims by the city requiring repayment of sums expended for medical care relating to those injuries. Public Act 17-165, § 1, created a new liability or obligation on the part of the plaintiff to pay proceeds of his settlement to the city to reimburse the city for past payments made by it. It also created a correlative, new right entitling the city to obtain reimbursement for medical expenses from the proceeds of the plaintiff's settlement.

Indeed, neither the plaintiff's obligation nor the city's corresponding right existed at the time of the plaintiff's motor vehicle accident or at the time the city paid most of the medical expenses, and, in this particular case, even the commencement of the plaintiff's underlying civil action predated the effective date of P.A. 17-165, § 1. Thus, applying P.A. 17-165, § 1, to a settlement related to a motor vehicle accident that occurred prior to the effective date of the act is a retroactive application of the act. Contrary to the city's position, the settlement does not stand on its own. Rather, the settlement stems from the motor vehicle accident that occurred prior to the effective date of P.A. 17-165, § 1, and the respective substantive rights and obligations of the parties relating to that accident cannot be altered retroactively. Accordingly, we conclude that allowing the city to file a lien on the plaintiff's settlement proceeds in the present case would constitute an improper, retroactive application of the act.

In summary, because the legislature did not explicitly provide that § 7-464, as amended by P.A. 17-165, § 1, should apply retroactively, and, because it is substantive in nature, § 55-3 requires that the statute operate prospectively. The postevent amendments to § 7-464 cannot attach new legal consequences to the plaintiff's motor vehicle accident, from which his settlement arose. Therefore, the trial court correctly determined that the city's lien stemmed from an improper, retroactive application of P.A. 17-165, § 1, and properly granted the plaintiff's motion for summary judgment.

The judgment is affirmed.

In this opinion the other justices concurred.

* August 3, 2021, the date that this decision was released as a slip opinion, is the operative date for all substantive and procedural purposes.

[1] General Statutes § 7-464 provides in relevant part: "(c) A self-insured town, city or borough that provides group health benefits for its employees has a lien on that part of a judgment or settlement that represents payment for economic loss for medical, hospital and prescription expenses incurred by its employees and their covered dependents and family members when such expenses result from the negligence or recklessness of a third party. . . .

* * *

"(d) As used in subsection (c) of this section: (1) 'Self-insured town, city or borough' means a town, city or borough that provides group health benefits to its employees by paying submitted medical, hospital and prescription expense claims from its revenues . . . ."

[2] The plaintiff initiated this action under § 7-464 (c) (4) (C), which provides in relevant part: "If agreement cannot be reached on the application of equitable defenses to the claimed lien amount, then either the employee, covered dependent, family member or the self-insured town, city or borough may petition the Superior Court for resolution on the application of equitable defenses. . . ."
The parties do not dispute that the trial court had jurisdiction to hear the plaintiff's claim, so we do not address the issue of whether the plaintiff's action was appropriately brought under § 7-464 (c) (4) (C).

[3] General Statutes § 1-1 (u) provides: "The passage or repeal of an act shall not affect any action then pending."

[4] General Statutes § 55-3 provides: "No provision of the general statutes, not previously contained in the statutes of the state, which imposes any new obligation on any person or corporation, shall be construed to have a retrospective effect."

[5] The city appealed from the judgment of the trial court to the Appellate Court, and we transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1.

[6] The city asserts on appeal that the trial court incorrectly determined that § 1-1 (u) applied to its lien because the lien was not at issue in the plaintiff's civil action against the third-party tortfeasor and, therefore, would not affect that action. The plaintiff responds that the trial court correctly determined that § 1-1 (u) bars P.A. 17-165, § 1, from affecting his litigation, as it was pending at the time of the act's effective date. We need not decide whether § 1-1 (u) is applicable to this case because we conclude that § 55-3 is dispositive of the matter.

[7] Any right to subrogation or a lien under the workers' compensation scheme did not apply in the present case because there was no allegation that the plaintiff's injuries occurred during the course of his employment with the city. Prior to the passage of P.A. 17-165, § 1, General Statutes § 52-225c prohibited the city from recovering the amount of benefits provided to the plaintiff as a collateral source.

[8] Public Act 17-165, § 1, also imposes a new obligation on the plaintiff that did not previously exist, namely, that he was being forced to pay money in the form of a lien from a sum he recovered as a result of his applicable settlement under § 7-464 (c). See, e.g., *Little* v. *Ives*, supra, 158 Conn. 453–57 (holding that statute could not apply retroactively under § 55-3 when it imposed new obligation and liability on defendant highway commissioner, i.e., filing certificate of taking within reasonable amount of time after filing

highway layout map and being subject to paying additional damages for not doing so, respectively).

---